SCRUGHAM *vs.* WOOD.

Where a *deed* of lands is prepared for execution, *read*, *signed* by both parties, and *acknowledged* as their deed before an officer authorized to take acknowledgments, it is a complete and valid deed, notwithstanding the witnesses present at its execution unite in testifying that there was no *formal delivery* of it, and the deed, after the death of the grantor, be found in his secretary among his private papers

ERROR from the superior court of the city of New-York. This was an action of *ejectment* to recover the dower which had been admeasured to Mary Scrugham, as the widow of her late husband, William W. Scrugham. The defence set up was, that three days before the marriage, the husband executed a *deed in trust* for the benefit of his children, by which he conveyed all his real estate to the grantees in such deed, of whom the plaintiff was one. The trusts were, that the grantor should · be permitted, during his lifetime, to possess and enjoy the premises, for the purpose of enabling him to apply the proceeds to the support and education of his children, and after his death, that the property should go to his children. The deed was *signed* by the grantor and the trustees, and was *acknowledged* by *all* the parties in the *usual manner* before a commissioner of deeds, who endorsed a certificate of acknowledgment upon it, and delivered it to the grantor. The deed was recorded, and after the death of the grantor, was found among his private papers in his secretary. The commissioner was examined as a witness, and stated that, at the request of the grantor, he took the deed, after it was drawn, to the house of the present plaintiff; the grantor accompanied him, he read the deed, and the parties severally signed it; he asked them if they acknowledged it and had executed it for the uses and purposes therein mentioned—to which they all assented. He had no recollection of any *formal delivery* of the deed. Another witness present at the same time stated that nothing was said about a delivery, and that there was *no delivery* either in words or acts. The plain-

tiff offered to prove that, *subsequent* to the marriage, the husband stated to a brother of the plaintiff that he had made provision for his sister, and in case of his death, she would be abundantly provided for ; and further, she offered to prove that her husband's *personal property* was not equal to the payment of his debts by $3000, and that the trust deed covers the whole of his real property, which is worth $15,000. The judge refused to receive such evidence, and charged the jury that it is necessary to the validity of a deed that it should be *delivered*, and accepted by the grantee ; that in the present case the deed was executed by both parties ; that the grantor was the *cestui que trust*, and as much or more interested in the deed than the grantees, who were mere *trustees* ; that it was executed in the usual manner ; and that the trustees having executed it and covenanted to perform the trusts, the jury ought to consider the deed as valid, and consequently find for the defendant. The jury accordingly found for the defendant. The plaintiff having excepted to the decision and charge of the judge, sued out a writ of error.

*S. A. Foote,* for plaintiff in error.

*P. A. Jay,* for defendant in error.

*By the Court,* NELSON, J. The facts in the bill of exceptions are abundantly sufficient to justify the charge of the court below, and the verdict of the jury. No one can doubt, from the account of the execution of the deed given by the commissioner, in connection with the previous preparation of it at the instance of Scrugham, that it was the understanding and intent of all parties at the time of the execution and acknowledgment, that it was delivered, or in other words, that the family settlement was complete.

The position to be found in the learned commentaries of Chancellor *Kent, 4th vol.* 455, 6, that "if both parties be present, and the usual formalities of execution take place, and the contract is to all appearance consummated without any conditions or qualifications annexed, it is a complete and valid

deed, notwithstanding it be left in the custody of the grant-or," is amply sustained by the authorities referred to by him. He had, in the case of *Souverbye* v. *Arden*, 1 *Johns. Ch. R.* 240, before fully considered and reviewed all the leading cases on the point, both in law and equity, and in the opinion delivered by him as chanceller, the above proposition will also be found, p. 256. It has received confirmation by sub-sequent cases, both here and in the English courts. 17 *Johns. R.* 548, 577. 5 *Barn. & Cres.* 671. The position extracted by the reporter from the last case is as follows : " Where a party to an instrument seals it, and declares in the presence of a witness that he delivers it as his deed, but keeps it in his own possession, and there is nothing to qualify that, or to show that the executing party did not intend it to operate im-mediately, except the keeping the deed in his hands, it is a valid and effectual deed ; and *delivery* to the party who is to take by the deed, or to any person for his use, is not essen-tial." It would be useless to go over the cases again, after the review of them in the court of chancery here, and in the king's bench in England, and a concurrence in the same con-clusion. Besides, this case is stronger than either of the two to which I have referred, because, as justly remarked in the court below, the grantor was much more interested in the execution and preservation of the deed than either of the trustees ; and the fact of its being in his possession at his death, therefore, does not, under the circumstances of the case, necessarily create any presumption against the idea that a delivery was intended at the time of its execution. The facts offered to be proved were properly excluded, as they had no pertinent bearing upon the point in issue. If they proved any thing, it was that Scrugham had made special provision, before his death, for the maintenance of the plain-tiff after his decease, and tended rather to negative the idea that he expected she would be provided for by means of her dower.

Judgment affirmed.