Kelsa v. Graves.

JAMES L. KELSA v. HATTIE M. GRAVES *et al.*

No. 12,579.  (68 Pac. 607.)

SYLLABUS BY THE COURT.

| 64 | 777 |
|----|-----|
| 66 | 733 |
| 64 | 777 |
| 176 | 237 |
| 64 | 777 |
| 178 | 639 |
| 64 | 777 |
| 81 | 390 |

1. CONVEYANCE — *Constructive Delivery of Deed.*  It is not necessary that there should be a manual delivery of a deed to make it effectual.  A constructive delivery or any words or acts showing an intention on the part of the grantor that the deed shall be considered as completely executed and the title transferred are sufficient.

2. ——— *Recording of Deed Held a Delivery.*  The recording of the deed in question, as well as other acts of the parties showing an intention of the parties to treat the instrument as a conveyance and as a passing of the title, are held to be sufficient proof of the delivery by the grantor and acceptance by the grantee.

Error from Stafford district court; ANSEL R. CLARK, judge.   Opinion filed April 5, 1902.   Affirmed.

*Prigg & Williams*, for plaintiff in error.

*Moseley & Dixon*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. :   This was an action to set aside a deed of conveyance from James L. Kelsa to H. M. Andrews, and to recover possession of the tract of land purporting to have been conveyed by the deed.   On November 11, 1890, Kelsa, who owned a quarter-section of land in Stafford county executed a deed conveying the same to H. M. Andrews, and it was at once placed on record by him.   He says that the grantee named in the deed was a sister, while defendants claim that the conveyance was made to Hattie M. Andrews, a daughter of his sister, who has since intermarried with the defendant John Graves.  He claims that while he was in poor health and about to make a trip

west he executed the deed and had the same recorded, intending that it should not be delivered unless he failed to return from California, or should die during his absence ; that his sister to whom the conveyance was made subsequently died, after which he destroyed the deed. On behalf of the defendants, it is said that Hattie M. Graves is the daughter of Mrs. Andrews, and that when the deed was executed she was a maiden, and was properly designated as H. M. Andrews. She claims, however, that her mother's name was Hattie Elizabeth M. Andrews and that, therefore, the name in the deed does not correspond with her mother's name, but is her own maiden name, and that the plaintiff had frequently declared to her and to others that the conveyance was made to her and that the land was hers.

It was also alleged, and proof was offered tending to show, that one purpose of the conveyance was to divest himself of any ownership of land in Kansas in order that he might obtain land in Oklahoma. He did enter land in Oklahoma, and, in order to do so, he was required to prove, and did make an affidavit, that he was not the owner of 160 acres of land in any state or territory. In making the entry he used the name of James Loring, his full name being James Loring Kelsa. The court below, upon conflicting testimony as to the identity of the grantee in the deed, and also as to whether there was such a delivery of the deed as to divest the plaintiff's title, made a general finding in favor of the defendants, and rendered judgment against the plaintiff. There is abundant testimony to sustain the finding that the conveyance was intended for the plaintiff's niece, Hattie M. Andrews, now Hattie M. Graves, and not for his sister, who was designated by another name. Witnesses who were

Kelsa v. Graves.

apparently disinterested testified that he said that the land belonged to his niece, and heard him declare in her presence that the land was hers. The general finding of the court, based upon this and similar testimony, puts that question of fact at rest.

The next contention is that there was no delivery of the deed, and it is conceded that before a deed can operate as a valid transfer of title there must be a delivery of the instrument. It is not necessary that there should be a manual delivery nor that the instrument should be delivered to the grantee in person. "What constitutes a sufficient delivery is largely a matter of intention, and the usual test is, Did the grantor by his acts or words, or both, manifest an intention to make the instrument his deed, and thereby divest himself of title?" (*Wuester v. Folin*, 60 Kan. 337, 56 Pac. 490.) In *Tucker v. Allen*, 16 Kan. 319, it was said:

"An actual or formal delivery of a deed never was necessary. A deed may be good by constructive delivery as well as by actual delivery. Any words or acts showing an intention on the part of the grantor that the deed shall be considered as completely executed, and the title conveyed, is sufficient."

The fact that the plaintiff executed the deed and at the same time recorded it is entitled to consideration, and while the recording of the deed is not conclusive, and may be rebutted by circumstances or proof of a contrary purpose, still there were acts and words of the parties showing an intention to treat the instrument as a conveyance, and both parties, according to the proof offered in behalf of the defendants, acted as if the property had actually passed by the transfer. There was sufficient proof of the conveyance, constructive delivery, and an acceptance by the grantee; and, although there was contradictory evidence given in

behalf of plaintiff, the general finding of the court settles all such disputes in favor of the defendants.

It is contended that the third and fourth defenses, which related to the entry of land in Oklahoma under another name, and the sworn declaration that he did not own 160 acres of land in any other state or territory, were insufficient of themselves, and it is argued that the demurrer thereto should have been sustained. It is unimportant to inquire whether these averments constituted complete defenses. His actions in that regard were so closely connected with the transaction in Kansas that the proof offered was competent to establis an estoppel against the plaintiff. If he placed the nominal title in Hattie M. Graves, and then in order to qualify himself to enter land in Oklahoma made a a false affidavit that he did not own this land in Kansas, he is in no position to deny the sworn statement made in Oklahoma that he was not the owner of the land.

The judgment of the district court will be affirmed.

CUNNINGHAM, POLLOCK, JJ., concurring.