VALENTINE SEIFERT *et al.* v. FRANK SEIFERT.

No. 12,892.    (71 Pac. 271.)

CONVEYANCES—*Delivery of Deed.* Evidence concerning the delivery of a deed by a father to a son when the former was on his death-bed examined, and held to be sufficient to show an intent on the part of the grantor to deliver the deed.

Error from Washington district court; HUGH ALEX-ANDER, judge. Opinion filed January 10, 1903. Affirmed.

*Joseph G. Lowe,* and *James R. Hyland,* for plaintiffs in error.

*W. T. Dillon,* for defendant in error.

*Per Curiam:* The sole question in this case is whether there was a valid delivery of a deed to the land in controversy by Andrew Seifert to his son, Frank Seifert. The court found:

"That on said 13th day of July, 1900, Andrew Seifert, being of sound mind and sufficient mental capacity, voluntarily executed and delivered to his son, the defendant Frank Seifert, a warranty deed in writing, a copy of which is attached to Frank Seifert's answer in this case, wherein Andrew Seifert was grantor and Frank Seifert was grantee, and describing and covering all the aforementioned land; that thereby Andrew Seifert intended to convey presently, on the delivery of said deed, said land to Frank Seifert, who thereby became, and since has been, the owner in fee simple of said land, deriving his title thereto under said deed."

When the deed was executed the grantor was on his death-bed. After it was signed and acknowledged he laid it on the bed near him. Soon afterward he handed it to the defendant in error, saying:

"Here, Frank, you take this, and when I am gone you get it recorded." Defendant in error testified that, after the deed was handed to him, he put it in his secretary, and, after his father's death, sent it to the county-seat to be recorded.

We think the finding of the court was sustained by the evidence. There was sufficient intent on the part of the grantor to deliver the deed. The recording of it, which he directed to be done after his death, was not a prerequisite to its validity. A delivery being shown, a conveyance of the property followed, although the deed might never be recorded. See *Kelsa v. Graves*, 64 Kan. 777, 68 Pac. 607.

The judgment of the court below will be affirmed.

All the Justices concurring.