[L. A. No. 2727. In Bank.—March 2, 1912.]

MARY O'CONNOR MOORE, as Administratrix of the Estate of Patrick Moore, Deceased, Appellant, v. MRS. GEORGE TROTT et al., Respondents.

DEED—INCOMPLETE DELIVERY TO DEPOSITARY—LAW OF CASE—ADDITIONAL FACTS SHOWING ABSOLUTE DELIVERY.—The decision on the former appeal in this case, reported in 156 Cal. 353, to the effect that the delivery of the deeds in question by the grantor to a third person, with instructions to deliver them to the grantee only "in case of my not returning from the hospital where I am going for an operation," was not an absolute delivery, while the law of the case, on such facts, is not determinative of the case on a second trial, where there are additional facts showing an absolute and unconditional delivery by the grantor after his return from the hospital.

Id.—Application of Doctrine of Law of the Case.—The doctrine of
the law of the case, generally speaking, is applied only to the
principles of law laid down by the court as applicable to a retrial
of fact, and it does not embrace the facts themselves nor even points
of law not presented and determined.

Id.—Delivery a Question of Intent.—Delivery how Effected.—The
delivery of an instrument is a question of intent, and to make it
complete no precise form of words and no particular character of
act is necessary. The delivery is sufficient and complete if from
any or all of the circumstances the grantor has made known his
intention irrevocably to part with his dominion and control over the
instrument to the end that it may presently vest title in another.

Id.—Subsequent Complete Delivery after Incomplete Delivery to
Depositary—Notice to Depositary not Essential.—Where a
grantor has made an incomplete delivery of deeds to a depositary
for the grantee, he may, by a subsequent manifestation of his intent
so to do, make a new, independent and complete delivery, and to
accomplish that result, it is not necessary that the depositary should
be advised or have notice of the grantor's changed intent.

Id.—Evidence Sufficient to Show Delivery.—The evidence is re-
viewed and held to warrant the inference that the grantor, after
making a conditional delivery of the deeds to the depositary, sub-
sequently expressed his intent to make and made a new, independent,
and complete delivery thereof.

APPEAL from a judgment of the Superior Court of San
Luis Obispo County and from an order refusing a new trial.
E. P. Unangst, Judge.

The facts are stated in the opinion of the court.

William Shipsey and P. F. Dunne, for Appellant.

Sullivan & Sullivan and Theo. J. Roche, C. U. Armstrong,
and Thomas A. Norton, for Respondents.

HENSHAW, J.—This is the second appeal. The decision
upon the first appeal will be found reported in 156 Cal. 354,
[134 Am. St. Rep. 131, 104 Pac. 578]. Upon the second trial
the court found that the deeds to the land in controversy had
been by Patrick Moore delivered to defendant, Mrs. Trott,
"between the 1st day of June, 1905, and the date of Patrick
Moore's death, and that when said deeds were delivered as
herein found said Patrick Moore parted with all dominion and
control over said deeds, and each of them, and with the right

to recall or change, or affect the same, or either of said deeds, and intended to and did in fact make a complete and perfect delivery thereof." From the judgment which followed upon these findings and from the order denying her motion for a new trial plaintiff appeals.

Upon this appeal it is earnestly contended that the evidence is the same in both cases, that the decision of this court upon the former appeal is the law of the case, that under the law of the case as laid down in the former appeal there was no delivery of the deeds, and therefore it was error for the trial court to have found otherwise.

Upon the first trial general issue was joined upon the question of delivery or non-delivery. The trial court adopted the view that the delivery to Tietzen was absolute and complete, the finding in this regard being the following: "That at the time said Patrick Moore delivered said deeds to said P. O. Tietzen, as herein found, he parted with all dominion over said deeds and each of them, and reserved no right to recall or in any way control said deeds or either of them. That said deeds were so delivered absolutely." This is a finding of a particular delivery made in a specified way. It was the only finding upon the question of delivery which the trial court made, and was therefore the only finding which came under this tribunal for review. In this connection it will be noted that the finding itself, after reciting the circumstances of the delivery, is at pains to declare that the "deeds were *so* delivered absolutely." Upon the second trial defendant insisted that independent of the delivery to Tietzen, which this court had determined did not measure up to the requirements of law, the evidence in the case showed a subsequent and complete delivery made by Moore after his return from the Los Angeles hospital. It is unjust to characterize this contention as an afterthought occurring to respondents' counsel subsequent to the overthrow by this court of the first judgment based upon the delivery to Tietzen. For it appears without dispute that this very proposition was argued to the court below upon the first trial of the action. The question there arose before the second trial under an amendment to the answer proffered by defendant's counsel, which amendment specifically set up a delivery made by Moore after his return from Los Angeles, and in offering it counsel for respondents addressed

the court as follows: "That proceeds upon the theory, may it please the court, that under the decision of the supreme court there was no valid delivery, and that Mr. Tietzen held these deeds as agent of Patrick Moore up to the time and after he returned from Los Angeles after this operation had been performed upon him; and after his return and while his agent had these deeds, while the deeds were therefore in contemplation of law within his, Patrick Moore's custody, he Patrick Moore manifested the intention that there should be an absolute delivery of these deeds, having been previously informed that in order to effect a valid delivery he had to part with all dominion over these deeds; and we claim that the question of delivery is one resting entirely upon intention; and Patrick Moore having delivered these deeds into the custody of Tietzen, the law did not require him to ask Mr. Tietzen to return to him these deeds, and then deliver them back to Mr. Tietzen between the date of his return from the hospital at Los Angeles, after which the time had passed when the contingency referred to in the communication referred to could have happened, and his death." Objection to the proposed amendment was made by Mr. Shipsey, attorney for plaintiff, upon the ground that it was unnecessary, that the issue had already been joined, and that the amendment was but an "attempt to plead evidence of an issue already made by the pleadings in the case," and, referring to the argument before the lower court upon the first trial, the following took place. Mr. Shipsey, addressing the court said:

"I will call your honor's attention to the argument made by the learned counsel upon that trial. I presume you have notes of this argument, as I have here. The case was tried August 15, 1906. I think the argument took place the next day. Now, the learned counsel upon that occasion, after making the argument that by the letter that passed Pat Moore made a delivery of this deed, he then made the same argument he is trying to explain to your honor, now, in this way; that if no delivery was had at the beginning, by sending the letter to Tietzen, that by this letter and the oral declarations that were made after he came back from Los Angeles he changed his mind, and made this delivery to Mrs. Trott. Your honor will find that in your notes, if you have them, of the trial of this case, which commenced August 15, 1906. The identical point

that counsel says here was never made before in this case, was argued to this court on that trial, and argued by the counsel who is now making the point.

"*Mr. Roche:* I didn't say that, Mr. Shipsey. I said it was not made in either of the upper courts. While it was argued in this court, that was immaterial, as that was not the theory upon which the court made its decision.

"*Mr. Shipsey:* You admit then that the point was made at the first trial of the action in this court?

"*Mr. Roche:* It was argued by me at the conclusion of the trial."

Mr. Shipsey further declared: "I have the testimony here, and for the purpose of showing that it has never been claimed by us that this supposed second delivery is not permissible under the pleadings as they now stand." To this the court replied that it doubted not that such an argument had been made, but that it created no strong impression upon the court's mind, which was entirely concerned with the argument upon the delivery, based on the Tietzen letter, the court saying: "The question was whether that constituted a delivery. I think that was the question before us. That being true, that was the thing we confined our attention to, that our attention was concentrated upon. This other matter may have been embraced in the pleadings or not embraced, but it was not considered as determinative of the question before the court." With this, the court permitted the amendment from an excess of caution, though it was quite correct in its statement that the whole matter was embraced within the general issue, under which any and all evidence of delivery could be received. And, finally, it is proper to add, as touching the fairness of the witnesses, that no attempt is apparent of any effort to shade, modify, or change the testimony upon this question which was given at the former trial, and appellant is correct in stating that the evidence in all essentials is the same upon the second trial as it was upon the first.

As has been said, upon the former appeal this court was considering solely the delivery which the trial court found Moore had made. It could not have been considering any other delivery, for no other delivery was found by the trial court or argued before this. The holding in legal effect was that the delivery under the Tietzen letter was not a lawful

delivery and such a determination is of course the law of the case. But it would be a most unwarranted extension of the doctrine of the law of the case to apply it to other questions of fact (for delivery is usually, if not always, a question of fact), which have never been determined by the trial court, and which consequently could not have been presented to the consideration of this court. If, to illustrate, upon the first appeal respondents had declared that the evidence established a delivery subsequent to that under the Tietzen letter, and had sought to argue this question, the answer to that argument which would have been made both by opposing counsel and by this court would necessarily have been that such a delivery had not been found by the trial court, and therefore could not come under the consideration of the appellate tribunal for review. So well settled is the proposition that the doctrine of the·law of the case, generally speaking, is applied only to the principles of law laid down by the court as applicable to a retrial of fact, that it does not embrace the facts themselves, and does not even embrace points of law not presented and determined, that no quotation from the authorities is necessary, and it is sufficient to cite from the multitude *Nieto* v. *Carpenter*, 21 Cal. 488; *Sneed* v. *Osborn*, 25 Cal. 619; *Cross* v. *Zellerbach*, 63 Cal. 623; *Wixson* v. *Devine*, 80 Cal. 385, [22 Pac. 224]; *Mattingley* v. *Roach*, 84 Cal. 207, [23 Pac. 1117]; *Klauber* v. *San Diego St. Car Co.*, 98 Cal. 107, [32 Pac. 876]; *People* v. *Hamilton*, 103 Cal. 496, [37 Pac. 627]; *Mattingly* v. *Pennie*, 105 Cal. 518, [45 Am. St. Rep. 87, 39 Pac. 200]; *Heidt* v. *Minor*, 113 Cal. 385, [45 Pac. 700]; *Wallace* v. *Sisson*, 114 Cal. 42, [45 Pac. 1000]; *Robinson* v. *Thornton*, 114 Cal. 276, [46 Pac. 79]; *Stockton etc. Works* v. *Glens Falls Ins. Co.*, 121 Cal. 174, [53 Pac. 565]; *Allen* v. *Bryant*, 155 Cal. 259, [100 Pac. 704].

There is thus left for review the single question whether the finding of delivery here under review is supported by the evidence. It is of course abundantly established that the deceased intended to dispose of the property in accordance with his deeds and that he believed that he had made an effectual disposition of the land under the deeds. It is shown by the attorney who drew the deeds for Mr. Moore that he advised Mr. Moore that the deeds should be delivered and that "they must be placed beyond his control" and Mr. Moore replied

that he understood that to be the law. After his return from the hospital in Los Angeles he stated to more than one person that he had disposed of a great deal of his property, that he had "deeded it" and that "the deeds would be delivered when he would not be here." He declared to other witnesses than the defendant Mrs. Trott that he had left the deeds to her with Mr. Tietzen to be delivered when he should pass away. He declared that he had settled up all his business and left deeds to his property so there would not be any "lawing over it after he had passed away." These declarations, one and all, were made after his return from the Los Angeles hospital. Mrs. Trott, first having testified to a conversation with Mr. Moore in which Mr. Moore declared that he intended to deed her these properties, which conversation was had between them before his departure for Los Angeles, testified further that at his home after his return she had a conversation with Mr. Moore in which he declared to her "that he had deeded her the land that he told her he would," saying, "I have given you a deed to that land I told you I would. I left it with Mr. Tietzen"; that "Mr. Tietzen would give her the deeds after he (Moore) passed in his checks," and "that she should have them recorded immediately."

It has long, if not always, been the rule that the delivery of an instrument is a question of intent, and that to a complete delivery no precise form of words and no particular character of act is necessary. The delivery is sufficient and complete if from any or all of the circumstances the grantor has made known his intention irrevocably to part with his dominion and control over the instrument, to the end that it may presently vest title in another. "The delivery," says Touchstone, "is either actual, i. e. by doing something and saying nothing; or else, verbal, i. e. by saying something and doing nothing, or it may be both; and either of these may make a good delivery and a perfect deed." (1 Shep. Touch. 57.) This principle is recognized and expressed in all the cases. (*Hastings* v. *Vaughn,* 5 Cal. 319, [37 Pac. 939]; *Hibbard* v. *Smith,* 67 Cal. 552, [56 Am. Rep. 726, 4 Pac. 473, 8 Pac. 46]; *Black* v. *Sharkey,* 104 Cal. 280; *Kenniffe* v. *Caulfield,* 140 Cal. 40, [73 Pac. 803]; *Bogie* v. *Bogie,* 35 Wis. 667; *Waddell* v. *Hewitt,* 36 N. C. 475; *Rawson* v. *Fox,* 65 Ill. 210; *Warren* v. *Swett,* 31 N. H. 340; *Staniford* v. *Staniford,* 97 Mo. 331, [3 L. R. A.

299, 10 S. W. 836]; *Souverbye* v. *Arden,* 1 Johns. Ch. 255; *Scrugham* v. *Wood,* 15 Wend. 545, [30 Am. Dec. 75]; *Glade Gold Min. Co.* v. *Harris,* 65 W. Va. 152, [63 S. E. 873]; *Shoptaw* v. *Ridgway's Adm'r,* (Ky.) 60 S. W. 723; *Conlan* v. *Grace,* 36 Minn. 276, [30 N. W. 880]; *Kelsa* v. *Graves,* 64 Kan. 777, [68 Pac. 607]; *McLure* v. *Colclough,* 17 Ala. 96.) In diverse terms this unvarying rule is declared by the courts Thus, "An actual or formal delivery of a deed never was necessary. A deed may be good by constructive delivery as well as by actual delivery. Any words or acts showing an intention on the part of the grantor that the deed shall be considered as completely executed, and the title conveyed, are sufficient." (*Kelsa* v. *Graves,* 64 Kan. 777, [68 Pac. 607].) "There is no set ritual of delivery. When a deed is executed and the minds of the parties to it meet, expressly or tacitly, in the purpose to give it present effect, the deed is validly delivered; and that such meeting of minds may be gathered from acts or signs, words or silence, in multitudinous variety of circumstances." (*Bogie* v. *Bogie,* 35 Wis. 667.) "Whenever it appears that the contract or arrangement between the parties has been so far executed or completed, that they must have understood that the grantor had divested himself of title, and that the grantee was invested with it, delivery will be considered complete, though the instrument itself still remains in the hands of the grantor." (*Ruckman* v. *Ruckman,* 32 N. J. Eq. 259.) "The main thing which the law looks at, is whether the grantor indicates his will that the instrument should pass into the possession of the grantee, and if that will is manifest, then the conveyance inures as a valid grant, although, as above stated, the deed never comes into the hands of the grantee." (*Stevens* v. *Hatch,* 6 Minn. 64.) And in *Kenniffe* v. *Caulfield,* 140 Cal. 40, [73 Pac. 803], this court has said: "A valid delivery is accomplished when the conduct and acts of a grantor manifest a present intent to dispose of the title conveyed by the deed. There is no particular form necessary, but any act or thing which manifests such an intent is sufficient to establish it. It is always a question of fact, and must be determined by the circumstances surrounding each particular transaction."

Without further multiplication of quotations, we may come to a consideration of the evidence bearing upon delivery, and

it is to be remembered in this connection that the single question for determination is whether the evidence supports the court's finding of a delivery. Therefore, the proposition is not whether this evidence fairly conveys an inference that Moore in these declarations had in mind the delivery which he made to Tietzen, but it is "Does the evidence support the inference which the court drew and embodied in its finding to the effect that the testator, subsequent to the Tietzen letter, expressed his intent and made a new, independent and complete delivery?" We think it cannot be said that such an inference is not permissible, and if it be permissible, it supports the finding of the court. It is true that Tietzen was not advised of the grantor's changed determination, but it is equally true that it was not necessary so to advise him, to effect a new and complete delivery. (*Ruiz* v. *Dow,* 113 Cal. 490, [45 Pac. 867]; *Sprague* v. *Walton,* 145 Cal. 228, [78 Pac. 645]; *Keyes* v. *Meyers,* 147 Cal. 702, [82 Pac. 304].) It was not necessary that the depositary should have notice of the new, changed, and executed intent of Moore, nor did the fact that he had not such notice preclude proof of such changed and executed intent. Thus, while it may be freely conceded that from the evidence it is a fair inference that Moore in these declarations made reference to the Tietzen delivery, nevertheless it is also fairly inferable that after his return from the Los Angeles hospital, finding himself in failing health, he intended that the deeds which he had left with Tietzen should absolutely be delivered without power of revocation upon his part, and that he expressed this intent to the grantee under such circumstances as to perfect the delivery.

For these reasons the judgment and order appealed from are affirmed.

Shaw, J., Angellotti, J., Lorigan, J., and Melvin, J., concurred.

Rehearing denied.