No. 25,973.

JENNIE AMMON et al., *Appellants,* v. ARTHUR AMMON et al., *Appellees.*

### SYLLABUS BY THE COURT.

WILLS—*Distinguished from Deeds—Invalid Execution.* The instruments in controversy in this action have been examined and are held to be not deeds because they are testamentary, and are held not valid as wills because they were not executed in the manner required by statute.

Appeal from Brown district court; C. W. RYAN, judge. Opinion filed July 11, 1925. Reversed.

*W. A. S. Bird, A. E. Crane,* both of Topeka, and *J. M. Challiss,* of Atchison, for the appellants.

*E. R. Sloan* and *Thomas A. Fairchild,* both of Holton, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs brought this action to be let into the possession of certain real estate occupied by the defendants and asked for the partition of that property. Judgment was rendered for the defendants, and the plaintiffs appeal.

John Ammon died about March 18, 1922, and was survived by his widow and four daughters, the plaintiffs herein, and by four sons, the defendants herein. Under date of January 26, 1906, John Ammon and his wife, Jennie Ammon, signed two instruments in writing, which were then acknowledged before a notary public. One of the instruments conveyed, upon certain conditions, a farm in Jackson county to his sons Arthur Ammon and David Ammon, and the other instrument conveyed, upon the same conditions, a farm in Brown county to his sons John W. Ammon and Clyde Ammon. The instruments were identical, with the necessary changes in names and descriptions. The parts of such instruments essential to this discussion are as follows:

"WARRANTY DEED.

"This indenture, made this 26th day of January, . . .

"Witnesseth, That the parties of the first part, in consideration of the sum of one dollar, love and affection and all of the conditions and agreements hereinafter set forth to be done and performed by said parties of the second part, have sold, and by these presents do grant and convey to the said parties of the second part . . . their heirs and assigns, . . .

Wills, 40 Cyc. p. 1088; 11 A. L. R. 36; 28 R. C. L. p. 63.

"This deed is made, executed, acknowledged and delivered by the said parties of the first part to the said parties of the second part upon the following terms and conditions, viz.: The said parties of the second part shall each year hereafter, on the first day of January during the lifetime of the said John Ammon of the first part, pay to the said John Ammon the sum of five hundred dollars, and they shall also each year during the lifetime of said John Ammon seasonably pay and discharge all taxes lawfully levied and assessed against said real estate, and shall not during the lifetime of said John Ammon sell, mortgage or otherwise incumber said real estate, and said real estate, during the lifetime of said John Ammon, shall not be subject to the debts of either of the parties of the second part. The said parties of the second part shall also, as a part consideration for said real estate, within twelve months after the date of the death of said John Ammon, pay to Elizabeth Ammon Whittier, Christina Ammon, Mollie Ammon May and Catherine Ammon each the sum of five hundred dollars, or in case either the said Elizabeth Ammon Whittier, Christina Ammon, Mollie Ammon May or Catherine Ammon shall not be living at the death of said John Ammon, then the said sum so to be paid to her shall be paid to her living children share and share alike, in case there are any such living children; but in case either of the said Elizabeth Ammon Whittier, Christina Ammon, Mollie Ammon May or Catherine Ammon shall die without leaving living issue her surviving, then the sum so to be paid to her or her living children shall be paid in equal proportions to the survivor or survivors of said Elizabeth Ammon Whittier, Christina Ammon, Mollie Ammon May and Catherine Ammon. In the event that either the said Arthur Ammon or David Ammon should die before the date of the death of the said John Ammon of the first part, without leaving lawful living issue him surviving, then and in that event his interest in the real estate hereby conveyed shall not descend to and be inherited by his widow, or any other heirs, but shall descend to and become the property of his brothers who survive him; but in case either of said parties of the second part shall die before the death of said John Ammon, leaving lawful living issue him surviving, then and in that event the interest in the real estate so as above sold and conveyed to him shall descend to and be inherited by such lawful living issue, share and share alike, the parties to whom such interest should descend to take the same, however, subject to all the terms and conditions of this deed to be done and performed by the party from whom they inherit, and in case of their failure to comply with all of the terms and conditions of this deed to be done and performed by the party from whom they may inherit, then and in that event such share or interest shall immediately revert to and revest in the said parties of the first part, their heirs or assigns.

"In case either the said Arthur Ammon or David Ammon of the second part shall refuse to accept all of the terms and conditions of this deed to be done and performed on the part of and by the said parties of the second part, then and in that event the interest in and share or portion of said real estate hereby conveyed shall vest in such of the brothers of said Arthur Ammon and David Ammon as are willing to accept this conveyance, and perform all of the conditions to be done and performed by said parties of the second part, such interest, share or portion to be taken by such brother or brothers as ten-

ants in common, share and share alike. And in case neither the said Arthur Ammon and David Ammon, or their brothers John W. Ammon and Clyde Ammon, or any of them, willing to accept this conveyance and perform all of the conditions of the same to be done and performed by said parties of the second part, then in that event the said real estate hereby conveyed shall immediately revert to and revest in the said parties of the first part, their heirs and assigns. The said sums of five hundred dollars hereinbefore provided to be paid by the parties of the second part within twelve months after the date of the death of said John Ammon, to each of the daughters of said parties of the first part, to wit, Elizabeth Ammon Whittier, Christina Ammon, Mollie Ammon May and Catherine Ammon, shall be a charge on the real estate hereby conveyed until the said sums are fully paid to them."

John Ammon left the instruments in writing at a bank with C. D. Lueck, to be submitted by him to the defendants for their approval and satisfaction. After examination, the defendants said they were satisfied with the propositions and would accept them, and soon after they took possession of the farms. The evidence shows that the annual payments were very irregularly made, and that at the time of John Ammon's death, Arthur Ammon and David Ammon had paid him $6,000 and were $2,000 in arrears, and John W. Ammon and Clyde Ammon had paid him $3,000 and were $5,000 in arrears.

Among other findings of fact, the court made the following:

"When John Ammon made and executed the said deeds and delivered them to C. D. Lueck, for the purpose of finding out whether the grantees therein named were willing to accept the same, he, the said John Ammon, intended, on such acceptance and approval, to make the said instruments his deeds and divest himself of the title to the land therein described. Said deeds were accepted by the grantees named therein, and thereby the delivery of said deeds became complete."

The court also found that each of the defendants had made the payments on his share of the land to the satisfaction and approval of John Ammon and had paid the taxes thereon, and that improvements had been made to the value of $2,500 by Arthur Ammon, of $3,000 by John W. Ammon, and of $3,000 by Clyde Ammon.

The court made the following conclusions of law:

"I. That the deeds in question were made, executed and delivered by John Ammon and Jennie Ammon, his wife, and they thereby divested themselves of the title to the lands therein described.

"II. That there was a constructive delivery of the deeds in question, and the grantees therein named became the owners in fee simple of the lands described, subject only, upon the death of John Ammon, to the payment of the sum of $250 by each of the sons to each of his four sisters.

"III. That the annual payments to be made by the grantees in the deeds mentioned were a part of the consideration for said lands and are covenants and not conditions precedent to the passing of the title from the grantors to the grantees in said deeds."

The plaintiffs contend that the instruments cannot take effect as deeds because they are testamentary in their nature. One provision in each of the instruments is that the grantees shall pay to John Ammon the sum of $500 each year during his lifetime and shall pay all taxes levied against the property. Another provision is that the grantees "shall not during the lifetime of said John Ammon mortgage or otherwise encumber said real estate, and said real estate during the lifetime of said John Ammon shall not be subject to the debts of either of the parties of the second part." Still another provision is that the grantees shall within twelve months after the death of John Ammon pay to Elizabeth Ammon Whittier, Christina Ammon, Mollie Ammon May and Catherine Ammon $500 each. Yet another provision is that if "either the said Elizabeth Ammon Whittier, Christina Ammon, Mollie Ammon May or Catherine Ammon shall not be living at the death of said John Ammon, then the said sum so to be paid to her shall be paid to her living children, share and share alike, in case there are any such living children, but in case either of the said Elizabeth Ammon Whittier, Christina Ammon, Mollie Ammon May or Catherine Ammon shall die without leaving living issue her surviving, then the sum so to be paid to her or her living children shall be paid in equal proportions to the survivor or survivors of said Elizabeth Ammon Whittier, Christina Ammon, Mollie Ammon May and Catherine Ammon." Another provision is that if either of the grantees shall die before the death of John Ammon without living, lawful issue, his interest shall not descend to or be inherited by his widow or other heirs, but shall descend to and become the property of his surviving brothers. Another provision is that if either of the grantees shall die before John Ammon, leaving lawful issue, the real estate shall descend to and be inherited by such issue, share and share alike. Another provision is that if either of the grantees shall refuse to accept the terms of the written instruments, his share or portion of the real estate shall vest in the grantees that do accept the conveyance and perform its conditions. One more provision is that in the event that none of the grantees accept the conveyance or perform its conditions the real property therein described shall immediately revert to John Ammon.

These provisions considered together show an intention on the part of John Ammon to retain title to and control of the property until his death, and render the instruments testamentary in their nature. They are therefore invalid because they were not executed in conformity with the statutes governing the execution of wills.

The judgment is reversed.

MARSHALL, J. (dissenting): A will is an instrument which disposes of one's property to take effect after the death of the person making it. (3 Bouvier's Law Dict. 3455; 28 R. C. L. 58; 40 Cyc. 995.)

In *Reed, Ex'r, v. Hazleton,* 37 Kan. 321, 15 Pac. 177, this court said:

"If an instrument of writing passes a present interest in real estate, although the right to its possession and enjoyment may not accrue until some future time, it is a deed or contract; but if the instrument does not pass an interest or right until the death of the maker, it is a will, or testamentary paper." (p. 325.)

Of the conditions named in the deed, those which are restrictions upon alienation are invalid. (*Durand v. Higgins,* 67 Kan. 110, 72 Pac. 567; *Brady v. Fuller,* 78 Kan. 448, 96 Pac. 854; *Conner v. Cole,* 112 Kan. 517, 211 Pac. 615; 18 C. J. 361; and 8 R. C. L. 1114, 1115.)

In these instruments any change in the conditions which would effect a change in the title to the real property or in the persons to whom payments are to be made must take place before the death of John Ammon. That makes the instruments deeds, not wills.