No. 27,318.

ESTHER J. SAXON, *Appellant,* v. GEORGE S. LINSCOTT, Executor of the Estate of Josephine M. Linscott, Deceased, *Appellee.*

SYLLABUS BY THE COURT.

GIFTS — *Inter Vivos* — *Memorandum Evidencing Nature of.* An instrument in writing by a mother to her six sons, construed and held to be a memorandum evidencing the delivery of money to her sons as gifts *inter vivos.*

Appeal from Jackson district court; MARTIN A. BENDER, judge. Opinion filed April 9, 1927. Affirmed.

*Keene Saxon, Arch M. McKeever, A. E. Crane, B. F. Messick* and *A. Harry Crane,* all of Topeka, for the appellant.

*Thomas A. Fairchild* and *H. R. Fulton,* both of Holton, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: This appeal presents the question whether or not an instrument hereinafter set out evidenced a valid gift of part of the estate of Josephine M. Linscott, deceased.

The facts are substantially these: S. K. Linscott lived at Holton.

Gifts, 28 C. J. p. 676 n. 33.

Plaintiff was his only daughter. His wife died and he remarried. Of the second marriage, six sons were born. Mr. Linscott died leaving a considerable estate. In the course of years, the mother of the six sons made various advancements to them and later executed an instrument which reads:

"JUNE 12, 1923.

"To My Six Sons: George S. Linscott, Frank M. Linscott, Walter K. Linscott, Ralph J. Linscott, Clare M. Linscott, Sidney S. Linscott. I am about to make my last will, and it is my desire that whatever money either and all of you may have received from me up to this time and may receive from me in the future, up to the time of my death, shall be considered as loans among you six boys, and not as a part of my estate; and I direct that my executor shall not take into consideration any claim against either of you, as a part of my estate.

"I direct that you six boys shall make an amicable settlement of the moneys each of you may have received from me and may receive from me, less any that either of you may have returned to me (not taking into consideration the money paid either of you soon after your father's death, in accordance with his instructions), add the total of the amounts each may have had (less any returned) together and divide it by six, as the amount of each one's share; and the one who has received more shall pay the one who has received less, and so on around, so that each one will have the same amount, one-sixth of the total.    J. M. LINSCOTT."

The plaintiff contends that the instrument was testamentary; that the advancements to the six boys were loans only and that, therefore, the sons are indebted to the mother's estate for the various amounts received by them. The defendant contends that the advancements were gifts.

The plaintiff filed a motion in the probate court to require the executor, George Linscott, to enter charges against the sons of the various sums of money received by them. The motion was overruled, and plaintiff appealed to the district court. Thereupon, the executor filed an answer in which it was alleged that Josephine Linscott, in her lifetime, at various times gave to her several sons certain sums of money, which sums so given were intended by her as gifts to her sons; that the sons received the sums of money so given to them by their mother as gifts made to them during her lifetime. A demurrer by plaintiff to the answer was overruled, and plaintiff appeals.

The allegations of the answer were sufficient to show the power of the donor to convey and acceptance and delivery of the money by the donees. In *Hall v. Hall*, 76 Kan. 806; 93 Pac. 177, a memoran-

dum was received by the court as evidence of the intention of the donor that the transaction constituted a gift *inter vivos*. There the property was delivered to a third person who was held by the court to have been a trustee for the donees.

"It is settled law that where the donee has possession of the subject of the gift, the donor yet retaining some dominion over it, there is no need, if the donor shall desire to surrender such reserved rights first to retake the property into his possession, and then redeliver it to the donee with a full surrender; but it is sufficient, to complete a formerly incomplete gift, for the donor to make final surrender of or direction concerning it, the donee all the while retaining possession. (14 A. & E. Encyc. of L. 1019.) Indeed, it seems that delivery in no case need be simultaneous with the gift in order to affect its validity, but such delivery may either precede or follow. (14 A. & E. Encyc. of L. 1026.)" (*Calvin v. Free*, 66 Kan. 466, 471, 71 Pac. 823.)

The instrument under consideration was not a conveyance by the mother to the sons. It was a memorandum showing delivery of money had been made. Delivery of the money was by separate act or acts. A contention by the defendant that the language of the instrument meant that the sum or sums of money so delivered was to be reckoned as loans among the sons rather than as loans by her to the sons appears reasonable. If the sums of money delivered were loans by her, the natural and ordinary way for her to have handled the transactions would have been to take notes for the respective amounts. While the language of the instrument is indefinite, it nowhere states that she is loaning or has loaned the money to the sons. "The amounts are to be considered as loans among you boys." The language of the instrument appears simpler and more definite when applied to a sum certain. For convenience, consider that Mrs. Linscott delivered the total sum of $600 to her son George. The instrument would read: I am about to make my last will and it is my desire that the six hundred dollars which you have received from me up to the time of my death shall be considered as loans among you six boys and not as part of my estate, and I direct that my executor shall not take into consideration any claim against either of you as a part of my estate. I direct that you six boys shall make an amicable settlement of the six hundred dollars you have received from me and divide it by six, the amount of each one's share, and you who have received the six hundred dollars shall pay those who have received nothing so that each one will have the same amount, one-sixth of the total. So

far as Mrs. Linscott was concerned, delivery of the money to the various sons appears to have been unconditional. Her intention was clearly expressed. It was unequivocal and unmistakable. Whatever amount either son may have had from her in excess of one-sixth of the amount delivered to them all, was given to the others, and each son who held an excess of one-sixth was a trustee to deliver such excess to his brothers. Her intent was clearly and positively declared that her executor "shall not take into consideration any claim against either of you as a part of my estate." Her authority or ownership of the property ended with its deliverance. It became absolute. To be testamentary, an instrument must evidence control of the property or some condition of ownership dependent upon performance after death. Such elements are lacking here. The direction "that the six boys shall make an amicable settlement of money each of you may have received from me" was not accompanied by any condition, reservation or power of revocation. (See *Ariett v. Osage County Bank,* 120 Kan. 286, 242 Pac. 1018, and cases cited.)

We have given consideration to the principles enunciated in *Reed v. Hazleton,* 37 Kan. 321, 15 Pac. 177; *Hazelton v. Reed,* 46 Kan. 73, 26 Pac. 450; *Shulsky v. Shulsky,* 98 Kan. 69, 157 Pac. 407; *Smith v. McHenry,* 111 Kan. 666, 207 Pac. 1108; *Ammon v. Ammon,* 119 Kan. 164, 168, 237 Pac. 926, cited and relied on by plaintiff. They need not be analyzed in detail. They are not applicable to the facts before us. We conclude that the sons gained ownership and possession of the money delivered to them by gift and that the memorandum under consideration was evidence of such gift, with limitation of division among the respective donees.

The judgment is affirmed.