No. 29,306.

VESSIE SMITH, *Appellee,* v. C. A. ROSCOE et al., *Defendants;*
F. D. BARR, *Appellant.*

(287 Pac. 596.)

Opinion filed May 3, 1930.

*Ben F. Winchel,* of Osawatomie, for the appellant.
*Alpheus Lane* and *Karl V. Shawver,* both of Paola, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to partition real property which she claimed to have inherited, with other parties to the action, from Mary S. Barr and Hugh Barr, owners of the real property in their lifetime. The appellant, F. D. Barr, one of the defendants, a son of Mary S. Barr and Hugh Barr, claimed to own the property under and by virtue of a written instrument, which he claimed was a deed of conveyance executed by Mary S. Barr and Hugh Barr. Judgment was rendered in favor of the plaintiff and certain of the defendants in the action on the theory that they were the heirs of Mary S. Barr and Hugh Barr. The claim of the defendant Barr that he owned the property under and by virtue of the deed was denied. He appeals.

The action was tried by the court without a jury and amended findings of fact and conclusions of law were made as follows:

"1. Hugh Barr and Mary S. Barr, husband and wife, were the owners of the west half of the southwest quarter of section 25, township 17, range 22, in Miami county, Kansas, excepting the right of way of the Missouri Pacific railroad, and also except 1½ acres in the southwest corner thereof belonging to school district No. 12.

"2. Hugh Barr and Mary S. Barr, husband and wife, were the parents of the following children: F. D. (or Frank) Barr; Lorena Belle Barr; Cora E. Hicock; Carrie Clanton, and Effie Ross.

"3. Hugh Barr died intestate about November 3, 1907; Mary S. Barr died intestate about December 1, 1913; Carrie Clanton died intestate about August 10, 1906, and leaving as her sole heir her daughter, Vessie Smith, the plaintiff herein; Effie Ross died intestate in the early part of the year 1918, leaving as her sole heirs her husband, Charles Ross, her son, John Ross, and her daughter, Eva Ross, defendant herein; Cora E. Hicock died intestate about January 21, 1927, leaving as her sole heir C. A. Roscoe, her husband, one of the defendants herein; Lorena Belle Barr died intestate about December 1, 1928, leaving as her sole heirs the said Vessie Smith, F. D. Barr, John Ross and Eva Ross; the said Lorena Belle Barr never married and left no husband or issue surviving her. The said F. D. Barr is the sole living child of the said Hugh Barr and Mary S. Barr.

"4. Under date of May 25, 1906, the said Hugh Barr and Mary S. Barr made, executed and acknowledged an instrument in writing, a true copy of which is attached to the cross petition of the defendant F. D. Barr and marked 'Exhibit A.' This instrument of writing was deposited with the probate court of Miami county, Kansas, by the makers, and the same was indorsed as follows: 'Filed for record in the office of the probate court on December 11, 1908, and recorded in journal L, page 446 therein.'

"5. No delivery of said written instrument has ever been made to any of the persons named therein. No evidence of the attempt to secure the possession of said written instrument was presented to the court, although the parties named in said written instrument knew of its existence, its contents, and that it was in the files of said probate court.

"6. Hugh Barr and Mary S. Barr occupied the premises described in said written instrument for their lifetime, and until December 1, 1913, the date of the death of Mary S. Barr.

"7. Lorena Belle Barr, who was an invalid daughter of Hugh Barr and Mary S. Barr, held possession of said real estate from December 1, 1913, until December 1, 1928, the date of her death.

"8. The defendant Emery Parks is now occupying said real estate as a tenant under a written lease, a true copy of which is attached to his answer filed herein, marked 'Exhibit A.'

### "Amended Conclusions of Law.

"1. There never was a delivery of said instrument of writing, which was placed on file in the probate court of Miami county, Kansas, to the grantee therein named, nor to any of the other persons whose names appear therein.

"2. Said instrument fails to convey the real estate therein described to anyone, either as a deed or as a testamentary instrument.

"3. The heirs of Hugh Barr, Mary S. Barr, Carrie Clanton, Effie Ross, Cora E. Hicock and Lorena Belle Barr are the owners in common of the said real estate, under the laws of descents and distributions of the state of Kansas, in the following respective shares and proportions: F. D. Barr is owner of an

undivided sixteen-sixtieths (16/60); C. A. Roscoe is owner of an undivided twelve-sixtieths (12/60); Vessie Smith is owner of an undivided sixteen-sixtieths (16/60); Charles Ross is owner of an undivided six-sixtieths (6/60); John Ross is owner of an undivided five-sixtieths (5/60); Eva Ross is owner of an undivided five-sixtieths (5/60).

"4. The defendant Emery Parks, tenant on said real estate, is entitled to occupy the same as such tenant for the crop year of 1929. The owners of said real estate are entitled to the shares in the rental of said real estate in accordance with their respective interests in said real estate.

"5. The plaintiff is entitled to have said land partitioned to the owners thereof in accordance with their respective interests therein, if the same can be done without manifest injury, and if not, then that said land be sold as provided by law."

■ One of the questions presented concerns the character of the instrument executed by Mary Barr and Hugh Barr. Could it take effect as a will? The instrument was as follows:

### "LIFE LEASE WITH STIPULATIONS AND CONDITIONS.

"This indenture, made this Twenty-fifth (25th) day of May, A.D. one thousand nine hundred and six (1906), by and between Mary S. Barr and Hugh Barr, wife and husband, of Miami county, in the state of Kansas, parties of the first part, and Lorena Belle Barr, daughter, of Miami county, in the state of Kansas, party of the second part:

"Witnesseth, That said parties of the first part, for and in consideration of the sum of one dollar ($1), and love and affection, the receipt of which is hereby acknowledged, do by these presents grant, bargain, sell and convey unto the said party of the second part, for her sole use and benefit during her lifetime, all the following-described real estate situated in the county of Miami and state of Kansas, to wit:

"The west half (½) of the southwest quarter (¼) of section number twenty-five (25), in township number seventeen (17), of range number twenty-two (22), east of the 6th principal meridian, in said Miami county, Kansas, less schoolhouse lot, in the southwest corner of said land, which lot was heretofore deeded to school district No. twelve (12), in said county, for school purposes.

"To have and to hold the same, together with all and singular the tenements, hereditaments and appurtenances thereunto belonging, or in anywise appertaining, subject, however, to the following stipulations and conditions:

"(1) That the said parties of the first part shall continue to retain and have full and complete control and possession of said described premises, the same as they have heretofore had, during their lifetime, or during the lifetime of either of them.

"(2) That at the demise of both of the said parties of the first part, then and in that event the said party of the second part shall come into immediate and complete possession of said premises and continue to so remain during her lifetime, receiving for her sole use and benefit, the rents, issues and profits

thereof, residing on said premises or otherwise, as the said party of the second part may elect.

"(3) It is a part of the consideration herein that the said party of the second part accepts the use and benefits of said described premises with the distinct understanding and agreement that the said party of the second part is to in no wise alienate said life lease, neither to mortgage or otherwise encumber the same. That the said party of the second part is to pay all taxes or other assessments which may accrue on said premises, after she shall have come into possession of the same, and to keep the same free and clear of and from all judgments, liens, grants, titles, charges, assessments or other encumbrances.

"(4) In the event that the said party of the second part shall become incapacitated, by reason of old age or mental infirmity, to care for and manage said premises, then and in that event only, it shall be the duty of the then acting district judge and probate judge of said Miami county, Kansas, to act as trustee for the said party of the second part, and should such contingency as aforementioned arise, the then acting district judge and probate judge are hereby appointed such trustees by the said parties of the first part.

"(5) When said life lease herein given to the said party of the second part shall terminate, then said described premises shall revert to the surviving heir or heirs of the said parties of the first part, which said heirs are, respectively, as follows: Cora E. Hicock, Carrie Clanton, Effie Ross, daughters, and Frank D. Barr, son, each share and share alike, except, however, that the said he, the said Frank D. Barr, shall be entitled to his said share.

"And the said parties of the first part, the said Mary S. Barr, and Hugh Barr do hereby covenant, promise and agree to and with the said party of the second part, the said Lorena Belle Barr, that they are lawfully seized in their own right, of an absolute and indefeasible estate of inheritance, in fee simple of and in all and singular the above-described premises; that the same are free, clear and discharged of all encumbrances whatsoever, and that they will warrant and defend the same unto the said party of the second part as above set forth.

"In Witness Whereof, the said parties have hereunto set their hands the day and year first above written.            MARY S. BARR.
                                                       HUGH BARR.

"State of Kansas, county of Miami, ss:

"Be it remembered, that on this 26th day of May, A. D. 1906, before me, the undersigned, a notary public in and for the county and state aforesaid, came Mary S. Barr and Hugh Barr, wife and husband, who are personally known to me to be the same persons who executed the within instrument of writing, and such persons duly acknowledged the execution of the same.

"In Testimony Whereof, I have hereunto set my hand and affixed my official seal the day and year last above written.

"(Seal)                                          H. A. FLOYD, Notary Public.

"My commission will expire March 25, 1907.

"Filed December 11, 1908.—THOS. HODGES, Probate Judge.

"Recorded in journal L, page 446."

The instrument could not take effect as a will because it was not witnessed in the manner prescribed by law. (*Ammon v. Ammon,* 119 Kan. 164, 237 Pac. 926; *Purcell v. Baskett,* 121 Kan. 678, 249 Pac. 671.)

■ The instrument which has just been set out was in form a deed and, if delivered to any one of the grantees named therein, it would take effect as such. However, there was no evidence to show that the deed was delivered to any person except to the probate court, and that it was there recorded. No instructions to the probate court were shown. It probably was delivered to the court under the theory that the instrument was a will. Placing a deed in the office of the register of deeds to be there recorded has been held to raise a presumption of delivery of the instrument. (*Kelsa v. Graves,* 64 Kan. 777, 68 Pac. 607; *Neel v. Neel,* 65 Kan. 858, 69 Pac. 162; *Balin v. Osoba,* 76 Kan. 234, 91 Pac. 57; *Miller v. Miller,* 91 Kan. 1, 136 Pac. 953.) The office of the probate judge was not a proper place in which to deposit or record the instrument if it was intended for delivery as a deed. That might have been a sufficient delivery if the facts were such as to permit the inference to be drawn that the deposit in the probate court was intended to be a delivery of the instrument as a deed. The inference to be drawn from the fact that the instrument was deposited and recorded in the office of the probate judge is that delivery was not then intended. The proper inference is that it was intended the instrument should take effect from and after the death of the grantor. That would make the instrument testamentary in character. It could not take effect as a will because it was not witnessed as required by law. The trial court found that the instrument had not been delivered. The evidence justified that finding.

Other matters are presented, among which is the contention that the appellees are estopped to question the delivery of the deed. All have been examined, but the court does not deem them of sufficient merit to discuss them other than as has already been done.

The judgment is affirmed.