LYMAN LACY, JR., V. A. L. COMSTOCK, *as Executor of the Last Will and Testament of Bernard Rodgers, deceased, et al.*

DEED—*Construction of Reservations.* Where R. conditionally gave a tract of land to a relative by an instrument which reserved to R. not only the rents, issues and profits of the land while he lived, but which also reserved to him the right to dispose of the land during his lifetime, it was competent for him thereafter to bequeath to another relative the use of the land and the rents and profits of the same for a period of time extending two years after his death.

*Error from Washington District Court.*

ACTION by *Lyman Lacy, jr.,* to recover from *A. L. Comstock,* as executor of the estate of Bernard Rodgers, rent-money for the use of land previously purchased by him. On July 5, 1887, Bernard Rodgers owned a tract of land and rented the same for three years from March 1, 1888, at an annual rental of $200, for which three promissory notes were executed by the tenants and delivered to Rodgers. On December 27, 1887, Bernard Rodgers gave a portion of the land to his son, Charles D. Rodgers, by an instrument of which the following is a copy:

"The grantor, Barnett Rodgers, also known as Bernard Rodgers, a widower, now of the city of Ha-

vana, in the county of Mason and the state of Illinois, for and in consideration of one dollar, and for mutual love and affection, in hand paid, conveys and warrants to Charles D. Rodgers, of said city of Havana, of the county of Mason and the state of Illinois, the following-described real estate, to wit : The southwest quarter of the northeast quarter and the northeast quarter of the southeast quarter, both in section 32, township 4 south, range 5 east, containing in all 80 acres, more or less, including all improvements and buildings of every nature and kind in or upon the same.

" The grantor herein reserves, however, all the rents, issues and profits arising from said premises during the lifetime of him, the said grantor, and also the privilege and right to dispose of said premises by deed during his lifetime. In all other respects this deed of conveyance is absolute. Situated in the county of Washington, in the state of Kansas, hereby releasing and waiving all right under and by virtue of the homestead-exemption laws of said state.

" Dated this 27th day of December, A. D. 1887.

BARNETT RODGERS."

This instrument was acknowledged, and also filed for record with the register of deeds. On February 23, 1889, Bernard Rodgers died testate, and A. L. Comstock was duly appointed as the executor of his last will and testament. His will, among other bequests, contained the following provision :

"Also, that my daughter, Ellen Morrissey, have the rent of my farm for three years — 1888, 1889 and 1890 — $200 each year, after paying the above legacies and my funeral expenses, and all other just debts."

On February 28, 1889, Charles D. Rodgers conveyed the land, given to him by Bernard Rodgers in his lifetime, to persons who, on March 1, 1890, conveyed the same to Lyman Lacy, jr. The parties to whom the land was rented used and occupied the premises under

the lease and had paid two of the rent notes before the commencement of the action. Comstock, as executor, collected the note due March 1, 1890, for $200, which he has in his possession, and he also holds, as such executor, the last rent note, due March 1, 1891. At the death of Bernard Rodgers, these notes were in possession of and were taken charge of by the executor as a part of the personal estate. All of the legacies mentioned in the will have been fully paid by the executor. Upon these facts the district court ruled that Lacy was entitled to no part of the rent-money for which he had sued, and gave judgment in favor of the defendants. The plaintiff brings the case here for review.

*Omar Powell*, for plaintiff in error.

*Joseph G. Lowe*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. : It is contended that the instrument by which Bernard Rodgers conditionally gave 80 acres of land to Charles D. Rodgers operated as a conveyance of the land *in præsenti*, and that as the use or issues and profits are incidental and follow the land, Charles D. Rodgers and his grantee are entitled to the rents of the same, or at least to so much of the rents as accrued after the death of Bernard Rodgers. The instrument, as will be seen, is not an absolute conveyance. Bernard Rodgers not only reserved the rents, issues and profits arising from the land while he lived, but he also reserved to himself the right to dispose of the land during his lifetime. It is plain that the transfer was not to be effective until his death, and it is urged with much plausibility that the instrument is testamentary in its character. (*Reed v.*

*Hazlcton,* 37 Kas. 321 ; *Hazleton v. Reed,* 46 id. 73.) But, whether it is or not, it is manifest that the purpose of the grantor was to reserve the title to and dominion over the land while he lived.   It was his own property, and he was at liberty to give it upon such terms and conditions as his judgment and desires might prescribe.   As was his right, he reserved to himself the use of the land, and also the control and disposition of the same.   It was competent for him to have transferred the entire interest in the land by gift, grant, or bequest, and certainly he had ample power to make a like transfer of the use or rents arising from the same.   While the title and dominion of the property remained in him, he bequeathed to his daughter the rent of the farm for the three years for which it had been leased.   This act was certainly within the reserved power of Bernard Rodgers, and sufficient under any view to give to the daughter the use of the land and the rent notes which had been given for the years mentioned.

We think the conclusion of the trial court was just and correct, and therefore its judgment will be affirmed.

All the Justices concurring.