## THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF BOURBON *et al.* v. MALINDA RALSTON.

No. 15,680.   (100 Pac. 288.)

### SYLLABUS BY THE COURT.

1. HIGHWAYS—*Establishment—Notice to Landowner—Jurisdiction.* The notice to a landowner required by section 4 of the road law (Gen. Stat. 1901, § 6019) is necessary to give the board of county commissioners authority to lay out and establish a public highway over the land of such owner. (*Comm'rs of Chase Co. v. Cartter,* 30 Kan. 581, 1 Pac. 814.)

2. ———— *Notice—Evidence—Injunction.* The finding that such a notice was not given to the plaintiff, who was a resident of the county, is supported by the evidence, and, no waiver being shown, is sufficient to authorize an injunction to prevent the opening of the road over her land.

Error from Bourbon district court; WALTER L. SIMONS, judge. Opinion filed February 6, 1909. Affirmed.

*John L. Caldwell,* county attorney, and *Biddle & Lardner,* for plaintiffs in error.

*J. I. Sheppard, A. M. Keene,* and *E. C. Gates,* for defendant in error.

The opinion of the court was delivered by

BENSON, J.:   The plaintiff is the owner of a life-estate in a farm in Bourbon county in which her son owns the remainder.   A petition was presented to the board of county commissioners to lay out a highway across this farm.   The proceedings appear to have been regular, except the petitioners' notice required to be given under the provisions of section 4 of the road law. (Gen. Stat. 1901, § 6019.)

The plaintiff, Malinda Ralston, brought this suit for an injunction to prevent the opening of the road, on the ground that this notice was not given, and this was the question before the district court.   After hearing the evidence the court found that the notice was not given, held the proceedings void, and granted the injunction.   The defendants bring the case here for review.

Considerable evidence was offered concerning the service of this notice.   From the evidence offered by the plaintiff the following facts may be deduced:   Two petitioners' notices were placed in the hands of the sheriff for service, one addressed to Grant Ralston, the owner of the remainder, and the other to Malinda Ralston, the owner of the life-estate.   Malinda Ralston resided with her son, Grant, and his wife, Dorothy, on the premises in question.   The sheriff served the notice on Grant Ralston in the road near the dwelling, and inquired for his wife, saying that he had a notice for her also.   Grant Ralston called his wife to the gate, and the sheriff handed the notice to her.   Grant and his wife then went into the house.   Malinda Ralston inquired of her daughter-in-law what the sheriff wanted, and she answered, "to serve a notice."   The notice was not shown to Malinda Ralston, nor was she informed of its contents, and she supposed it was for Dorothy.   She had known for a long time that the

officers intended to lay out a road there, and supposed that the sheriff was on some business connected with it, but the fact of this notice was never communicated to her until after the view of the road. It is probable that the sheriff supposed that Dorothy Ralston, the wife, was Malinda Ralston, the person for whom the notice was intended, and it is also probable that Grant Ralston was aware that the sheriff was laboring under this misapprehension, but it does not appear that Malinda Ralston had any knowledge of the notice until after the view.

Some evidence was given tending to show that Grant Ralston was the agent of his mother, and she testified generally that he transacted her business, but from all of her testimony and that of her son it does not appear that he was such an agent as would justify the service of a notice intended for her upon him, especially when she herself was present. Besides, there was no attempt to serve a notice upon him as agent for his mother. The intention of the sheriff manifestly was to make personal service upon Malinda Ralston. In any event the question of agency, if involved in the case at all, was a question of fact, and the finding of the district court against the defendants is not subject to review here.

Malinda Ralston having been a resident of the county, six days' notice in writing, as provided by the statute, of the time and place of meeting of the viewers was necessary to give jurisdiction, and if such notice was not given or waived the commissioners had no authority to lay out the road. (*Comm'rs of Chase Co. v. Cartter*, 30 Kan. 581, 1 Pac. 814; *Comm'rs of Woodson Co. v. Heed*, 33 Kan. 34, 5 Pac. 453; *Hentzler v. Bradbury*, 5 Kan. App. 1, 47 Pac. 330.)

This proposition is not controverted in the argument, and, if the finding of the court that such notice was not given is supported by the evidence, it must stand. If we should conclude from all the evidence that a con-

trary finding might have been made, still we can not disturb the judgment, for a finding based upon conflicting evidence will not be set aside in this court, there being competent evidence to support it.

The questions of fact having been determined against the defendants, and no errors of law appearing in the record, the judgment is affirmed.