F. W. GLOVER, *Appellant,* v. A. C. FILLMORE et al., *Appellees.*

No. 17,910.

### SYLLABUS BY THE COURT.

1. CONTRACT—*"Agreement for Maintenance"—Vested no Present Estate.* A widow owning certain premises, formerly her home, in another county entered into an "agreement for maintenance" by which she was to furnish the land for the joint use and occupancy of herself and a distant relative, G., she to have the right to use and make her home in the house during her life, he to occupy and cultivate the land, keep it in reasonable repair, pay the taxes, treat her kindly and provide for and maintain her in health and sickness in a comfortable manner, and in lieu of clothing to pay her $100 the first of each January. She covenanted that upon her death the agreement should stand for, convey and vest in G. the fee simple title as if a good warranty deed upon sufficient consideration had theretofore been made. She retained the option to terminate the contract upon the failure of G. to carry out his part thereof, in which case he was to give her possession. *Held,* to be an agreement executory and testamentary in character, vesting no present estate.

2. ——— *Contractee—May Recover for Services and Expenses.* Before the land could be occupied the widow died. G. had assisted for a few weeks in her care, and he brought her re-

35—88 KAN.

mains for burial to the neighborhood where the land is located, paying the medical and funeral expenses. *Held*, that while he might recover from her estate for his services and expenses, his grantee is not entitled to the land.

Appeal from Pottawatomie district court. Opinion filed January 11, 1913. Affirmed.

*W. R. Hazen*, of Topeka, *W. F. Challis*, and *E. C. Brookens*, both of Westmoreland, for the appellant.

*E. M. Brunner*, of Wamego, *A. E. Crane*, *E. D. Woodburn*, and *F. T. Woodburn*, all of Holton, for the appellees.

The opinion of the court was delivered by

WEST, J.: Mrs. Caroline M. Patterson was left a widow in 1907. For some years she and her husband had lived with the plaintiff, F. W. Glover, who was a nephew of her husband and who had a son Grover E. Glover. The property in question had been used by Mrs. Patterson and her husband as their home for many years prior to the time they went to live with Mr. Glover. They had no children. After Mr. Patterson's death Mr. Glover built a small house for Mrs. Patterson near his own residence in Thomas county, but after a time she desired to return to her former home upon the land in question in Pottawatomie county, and desired Grover E. Glover to come back and take care of her, and stated that he was to take care of her as long as she lived and he was then to have the place. She was between fifty-five and sixty years old and in poor health. The farm had been rented to a tenant who was residing thereon. On May 14, 1907, an "Article of agreement for maintenance" was entered into between Mrs. Patterson and Grover E. Glover, which provided, in substance, that she covenanted and agreed to furnish for the joint use and occupancy of the two the land in question, she to have the right to the use and

occupancy and to make her home in the dwelling house, maintain and keep house therein during her natural life, he to occupy and cultivate the real estate, keeping the same in reasonable repair, pay the taxes, treat Mrs. Patterson considerately and kindly, and suitably provide for her, and in lieu of clothing to pay her $100 a year on the first of each January, and maintain her in a comfortable manner in health and sickness according to her social situation and condition of life, and in consideration of such covenants and agreement and the fulfillment thereof on his part in good faith "The said Caroline M. Patterson, party of the first part, does hereby covenant and agree to and with the said party of the second part that at and upon her death this instrument shall stand for, convey and vest in the said Grover E. Glover, the fee simple title and estate in and to said real estate in the same manner, and to the same extent as if the said Caroline M. Patterson had theretofore upon a good and sufficient consideration, duly executed and delivered unto said Grover E. Glover a general warranty deed for said premises." The instrument contained the further provision that if he should for any cause fail to perform any substantial part of his agreement during her life "Then in such event, this contract shall, at the option of the said party of the first part, cease and determine; and in such event, the said Grover E. Glover agrees to give the said party of the first part, peaceable possession of said premises, and in failing so to do, the said party of the first part shall have the right to recover the exclusive possession of said premises by action at law, and as the law provides in the courts of the state."

When the agreement was first drawn it contained a clause that it should not go into effect until March 1, 1908, and that if either party should die in the meantime the contract should cease and no interest thereunder should pass in or to the real estate, but this provision was, at her instance, stricken out before signing.

The instrument was acknowledged. After its execution Mrs. Patterson improved in health and was up and around the house, but later became worse and died July 2, 1907. After her death the plaintiff's son brought her body back to the old home and paid the doctor bills, funeral and other expenses. He afterwards conveyed to his father, who brought this action against the heirs of Mrs. Patterson to quiet his title. An agreed statement of facts contained the recital that at her death she owned the land in fee simple, and that the fee simple title descended to and vested in her surviving heirs at law, subject, however, to such right, title or interest as the plaintiff might already have acquired under the articles of agreement, or the deed thereafter made, and subject also to any debts owed by her at her death. The trial court held the agreement void and that the heirs were entitled to the property.

The plaintiff argues that the instrument disclosed an intention on the part of Mrs. Patterson to vest a present interest in the real estate in the plaintiff's grantor, and that regardless of technical rules of construction such intention should be given effect and control. The defendants insist that the instrument is testamentary in character and void for failure to comply with the statute regarding its attestation, or that it is an executory contract for future possession. We think the agreement itself and the statements shown to have been made by Mrs. Patterson indicate quite clearly her intention that in case he carried out his part of the contract during her life the property should then be his, but that it should be hers to all intents and purposes so long as she lived. She might have conveyed the property to him and taken back an agreement for her support, or she might have contracted therefor and made or agreed to make a will leaving the property to him at her death, but what she did was to contract in the way already set forth, and it does

not appear that any present estate passed; and if the instrument is testamentary in character it can not be upheld as a will for the reason that the statutory requirements touching execution and attestation were not complied with.

In *Reed, Ex'r, v. Hazleton,* 37 Kan. 321, 15 Pac. 177, the contract provided, among other things, that Ricket should retain full possession of the land during his lifetime and make such improvements as he felt able to make; that Hazleton should properly care for and see to his wants in health and sickness, Hazleton to have his home with Ricket, "and after the death of the said Henry Ricket, of the first party, the right and title of the north half of the northwest quarter . . . shall vest in the said John Hazleton, of the second party." (p. 322.) This part of the contract was held to be testamentary, the rule being announced that if the instrument passes a present interest it is a deed or a contract, although the right of possession may not accrue until some future time, but if it does not pass any interest or right until the death of the maker it is testamentary. Another case arising out of the same transaction is *Hazleton v. Reed,* 46 Kan. 73, 26 Pac. 450, in which the same rule is followed, the decisive question being whether or not the intention was to vest a present interest or that the instrument should not operate until the maker's death. *Lacy v. Comstock,* 55 Kan. 86, 39 Pac. 1024, involved an instrument by which the grantor conveyed and warranted certain real estate, reserving, however, all the rents, issues and profits arising therefrom during his lifetime, and also the privilege and right to dispose of the land, the instrument expressing that in all other respects it should be a deed of conveyance absolute. It was held that the grantor might thereafter bequeath to another the use of the lands and the rents and profits for a period of time extending two years after his death, and it was said that it was plain that the transfer was not to be effected until the

grantor's death. In *Love v. Blauw*, 61 Kan. 496, 59 Pac. 1059, the instrument purported to grant, bargain, sell and convey certain land, but contained the subsequent provision that the estate therein was not to vest in the grantees and their heirs until the death of one of the grantors, she reserving to herself a life estate, the grantees to hold after her death. This was held to be a deed and not testamentary, and it was said that it conveyed a present interest but postponed the enjoyment thereof until the death of one of the grantors. *Powers v. Scharling*, 64 Kan. 339, 67 Pac. 820, involved a writing held to be in part a contract and in part testamentary. The contract portion was to the effect that the grantor created, conveyed to and vested in his daughter a present interest and estate in and to all the estate of which he was then or should at the time of his death be seized to the extent of one-half thereof, subject to the payment of certain debts and legacies and also to a life estate in the grantor. In *Durand v. Higgins*, 67 Kan. 110, 72 Pac. 567, a warranty deed contained full covenants which would, standing alone, convey an absolute title in fee simple, but also took back from the grantees, as a part of the transaction, an agreement whereby they covenanted not to sell or dispose of any of the granted premises during the lifetime of the grantor without his written consent, and that all of such property should be under his control and direction during his life, with the right to sell and convey it the same as though no deed had been given, and agreeing that the grantee should sign all deeds when so requested by the grantor. It was held that the granting clause being complete and free from ambiguity it was not destroyed by the subsequent repugnant provisions, although the court came to the conclusion that by the entire transaction the grantor intended to convey a present interest. It was held in *Vawter v. Newman*, 74 Kan. 290, 86 Pac. 135, that the intention of the grantor or donor should be determined from the in-

strument and from the relationship of the parties and the apparent purpose sought to be accomplished. There the instrument was called an indenture, and by its terms granted, bargained, sold and conveyed certain described real estate to the grantee to hold forever to the grantee during his natural life and after his death to his children. The court said that looking at the deed in this view no doubt was entertained that the donor intended to convey a life estate with the remainder to the children of the grantor. In *Pentico v. Hays,* 75 Kan. 76, 88 Pac. 738, an instrument in the usual form of a warranty deed but with a reservation in the habendum, "except a lifetime lease on said land, in three days after the said party of the first part is deceased this deed shall be in full force" (p. 77), was held to be a deed and not a will, the exception being considered as a reservation of a life estate. Here, as in all the other cases referred to, the effort was to reach the real intention of the person executing the instrument. With the same purpose in view we can not easily go astray by following the natural meaning of the language used in the article of agreement for maintenance now under consideration, the effect of which has already been indicated.

Counsel cite *Brady v. Fuller,* 78 Kan. 448, 96 Pac. 854. There the instrument in the form of a deed conveyed land and reserved a life estate in the grantor, and following this reservation contained another giving the grantor the power to mortgage, incumber, sell, lease, convey or otherwise dispose of the real estate. The habendum clause contained a recital and condition that if the grantee should die before the grantor, then the estate should revert to the latter as if the deed had not been made. This was held to be a deed conveying a present title subject to a life estate in the grantor, the subsequent reservation being regarded as a power to incumber or dispose of such life estate. Attention is also called to *Nolan v. Otney,* 75 Kan. 311,

89 Pac. 690, involving a warranty deed placed in the hands of a third person, to be delivered to the grantee at the death of the grantor, and providing that it should not take effect until such death, also reciting that it was understood that the grantee should care for the grantor during the remainder of his life. On the day before the grantor's death he gave instructions to deliver the deed after his death provided certain trifling conditions should be complied with, which was done, after which the deed was delivered. After careful consideration the court reached the conclusion that the real purpose, though not expressed in correct terms, was to vest a present title in the grantee, reserving only a life interest.

Plaintiff calls attention to the case of *Bless v. Blizzard,* 86 Kan. 230, 120 Pac. 351, and suggests that the rule therein announced is applicable here. But in that case the plaintiff not only agreed to stay with and care for the testator, and did care for him faithfully under the most trying circumstances for several months, under an agreement that a will should be left leaving the land to him, but a will was actually made, although afterwards at the instance of other interested parties it was revoked. It was held that having entered into the contract, and having carried it out so far as he was able during the remaining life of the other party, the plaintiff was entitled to recover, his services being a fair consideration for the land. In *Anderson v. Anderson,* 75 Kan. 117, 88 Pac. 743, the rule was stated that when a definite contract leaving property by will has been clearly and certainly established and there has been performance on the part of the promisee, equity will grant relief, provided the case is free from objection on account of inadequacy of consideration and there are no circumstances or conditions which render the claim inequitable. Had the plaintiff's son moved upon the land with Mrs. Patterson and carried out his part of the contract for such

reasonable time as to amount to a reasonable consideration for the property, equity would uphold the agreement as one to leave the property to him at her death. But her death occurred before the lease of the tenant then in possession had expired and before any removal was made to the land, and so far as the record shows before any services were rendered by the young man, except some assistance of other members of the family in caring for her. The fact that he brought her remains to the old neighborhood and paid the doctor bill and funeral expenses may entitle him to recover what is fairly due him from her estate, but we know of no rule of law or decision which would justify the court in holding that the title to the land vested in him or in his grantee.

The judgment is therefore affirmed.