No. 20,775.

HANNAH F. BROWN et al., *Appellants*, v. N. T. PAUL et al., as County Commissioners of the County of Anderson et al., *Appellees*.

#### SYLLABUS BY THE COURT.

1. HIGHWAY—*No Notice of View to Life Tenant—Proceedings Void.* Certain land was taken for a highway, no notice of the view being served on the wife, a joint life tenant, who lived in the county, and no notice in fact to or waived by her. *Held,* that as to her the proceedings were void. (Gen. Stat. 1915, § 8759.)

2. DEED—*To Heirs Apparent—Conveys No Vested Interest or Remainder in Land.* A warranty deed was made to a son of the grantors

subject to the conditions that "The above described premises to be-
long to the said Ira H. Kasbeer during his life and to his wife jointly
if he should marry and while she remains his wife, or his widow, and
in case he dies and leaves no issue and his widow should marry again,
then the title to the said premises shall vest in the legal heirs of the
said Ira H. Kasbeer, excepting the said widow so marrying, with the
appurtenances, and all the estate, title and interest of the said parties
of the first part therein." He married one of the plaintiffs and to
them were born the others and they are all living. Subsequently the
original grantors quitclaimed to the son all their right, title and in-
terest in the land "to him during his life and to the heirs of his body,
. . . to have and to hold . . . unto the said party of the second
part, his heirs and assigns for ever." *Held,* that the children are
mere heirs apparent with no vested interest or remainder, but the wife
is joint tenant for life during wifehood or widowhood, and therefore
entitled to notice.

3. DEED—*Interest in Land—Conveyed to Take Effect in Future.* Under
section 2052 of the General Statutes of 1915, one may convey an in-
terest in land to take effect in the future. (*Miller v. Miller,* 91 Kan.
1, 136 Pac. 953.)

4. PLEADINGS — *Demurrer Properly Sustained as to Heirs Apparent.*
The demurrer to the petition was properly sustained as to the chil-
dren on account of their uncertain and contingent interest, if any, in
the land.

5. PLEADINGS—*Demurrer Erroneously Sustained as to Wife.* As to the
wife, the demurrer was erroneously sustained, and unless within sixty
days from the filing hereof with the clerk she signify her willingness
to proceed no further, the injunction is to be made permanent.

Appeal from Anderson district court; CHARLES A. SMART,
judge. Opinion filed April 7, 1917. Modified.

*F. J. Oyler,* of Iola, for the appellants.

*J. Q. Wycoff,* of Garnett, for the appellees.

The opinion of the court was delivered by

WEST, J.: A road was established through certain land in
which the plaintiffs claim an interest, and, not having been
served with notice of the view and having had no notice
thereof and not having been present thereat, they brought this
suit to enjoin the opening of the proposed highway. A de-
murrer to their petition was sustained and costs assessed
against the plaintiffs, who appeal. They claim to be remain-
dermen and to have such an interest in the land as entitled

them to notice and to the maintenance of this suit. The defendants contend that the plaintiffs have no vested interest and have no right to require notice or to be heard. The plaintiffs are the wife and daughters of Ira H. Kasbeer. In 1884 the land was conveyed by John S. and Hannah Kasbeer to their son, Ira H. Kasbeer, by warranty deed, subject to the following conditions:

"The above described premises to belong to the said Ira H. Kasbeer during his life and to his wife jointly if he should marry and while she remains his wife, or his widow, and in case he dies and leaves no issue and his widow should marry again, then the title to the said premises shall vest in the legal heirs of the said Ira H. Kasbeer, excepting the said widow so marrying, with the appurtenances, and all the estate, title and interest of the said parties of the first part therein."

It will be observed that this conveyance seems to have vested a life estate in Ira H. Kasbeer and his wife jointly, should he marry, to continue as such joint life estate to the two and to her surviving, while she should remain his wife or widow; that in case he should die without issue and she should marry again then the title to vest in his legal heirs counting out the widow, so that in case his parents were living it would go to them under the statute of descents and distributions. What should happen in case he died leaving children and she remarried was not stated and need not trouble us for the reason that he and his wife and two daughters are still living. In 1897 the parents executed a quitclaim deed to Ira H. Kasbeer running to him during his life and to the heirs of his body, to have and to hold "unto the said party of the second part, his heirs and assigns forever." This would seem to vest him with their reversionary interest or with whatever fee they retained when making the first conveyance.

Section 2049 of the General Statutes of 1915 provides that. the terms "heirs," or others words of inheritance, shall not be necessary to create or convey an estate in fee simple;

"And every conveyance of real estate shall pass all the estate of the grantor therein, unless the intent to pass a less estate shall expressly appear or be necessarily implied in the terms of the grant."

In *Kirby v. Broaddus,* 94 Kan. 48, 145 Pac. 875, the court, at page 50, in discussing the rule in Shelley's case, said of the grantor:

"His essential purpose is as the rule interprets it—to vest the fee in the grantee, but to disable him from alienating it. This he can not do, and the attempted restriction is ineffective."

In *Howe v. Howe,* 94 Kan. 67, 145 Pac. 873, the conveyance was to the parties of the second part, "their blood heirs and assigns"; the warranty running to the second parties, their heirs and assigns, a life estate to the grantor being reserved by a separate clause. It was held that under this conveyance the grantees were to have power to convey, but if no conveyance were made the land was to descend to their blood heirs only and that the words "blood heirs" were words of limitation and not of purchase; that the limitation was void and the grantees took estates in fee simple and not estates for life. In the opinion at page 69 a sentence from 1 Washburn on Real Property, sixth edition, section 163, was quoted with approval to the effect that an estate to one and his heirs male or heirs female would be regarded as a fee simple, the limitation to the particular class of heirs being regarded as surplusage. Another quotation from Hammon's Blackstone's Commentaries followed to the effect that the grantor can not change the state's law of descent and make the property descend to his sons only.

In *Miller v. Miller,* 91 Kan. 1, 136 Pac. 953, the deed ran to the son for life, the remainder to his wife for life or so long as she should remain his widow, remainder in fee to the heirs of his sons, and in default of such heirs, reversion to the grantor. It was held that the heirs of the body of the grantee could not be ascertained until his death, and that the children in being at the time of the trial would take nothing under the deed unless they outlived their father. It was also held that under section 3 of chapter 22 of the General Statutes of 1868, section 2052 of the General Statutes of 1915, present and future, as well as vested and contingent, estates can be passed by deed.

Under the most favorable construction of the two deeds the children are contingent remaindermen and heirs apparent in whom no estate has as yet vested, and the wife, in addition to being heir apparent to her husband is joint life tenant with

him during her wifehood and widowhood. The first deed expressly provided that when Ira H. Kasbeer took a wife she should become joint tenant with him in the life estate granted, subject to the conditions referred to, and having become his wife and thus come into her inheritance, so to speak, it was not in the power of the grantors to divest her of the estate with which they had already clothed her. She was entitled to notice.

The wife being a resident of the county where the land is situated and having done nothing to take the place of notice, the authorities were without jurisdiction to appropriate her land for highway purposes. (Gen. Stat. 1915, § 8759.) This doctrine was settled as long ago as 1877 and has been repeatedly declared since. (*Comm'rs of Wabaunsee Co. v. Muhlenbacker*, 18 Kan. 129; *The State v. Farry*, 23 Kan. 731; *Commissioners of Chase Co. v. Cartter*, 30 Kan. 581; *Bourbon County v. Ralston*, 79 Kan. 432, 100 Pac. 288.)

It appears that after the ruling on the demurrer and prior to the filing of formal notice of appeal the road was formally opened and is now in general use. Counsel for the defendants contends that this renders this suit moot and an injunction order incapable of enforcement, and cites authorities on the proposition that under such circumstances a ruling sustaining a demurrer will not be reviewed. In *Knight v. Hirbour*, 64 Kan. 563, 67 Pac. 1104, the injunction suit involved the possessory right to a corpse after it had rested in an Ohio cemetery for two years. The court said that when the subject matter of the suit has ceased to exist and any order in respect thereto has become impossible of performance the controversy presents nothing to be adjudicated but the question of costs. In *The State, ex rel., v. Insurance Co.*, 88 Kan. 9, 127 Pac. 761, it appeared that during the pendency of an action to restrain companies from unlawfully combining, an act was passed covering the matter so that no substantial benefit could be gained by the injunction prayed for, and it was held that as nothing of substantial benefit could have been gained the court was not required to give a judgment which could not be effective. To a somewhat similar effect is *Hurd v. Beck*, 88 Kan. 11, 45 Pac. 92. *Teterick v. Parsons*, 90 Kan. 21, 64 Pac. 1028, where pending an appeal from an order granting man-

damus the subject of the controversy was disposed of, held that the appeal would be dismissed on the ground that the order had become incapable of enforcement. These actions neither in principle nor in fact apply to the one before us. Here the wife's land was taken and the road opened without jurisdiction, and while the suit was to enjoin the defendants from establishing a road across the land it was not the plaintiff's fault that before her rights could be adjudicated on appeal the road was opened. In addition to setting out the facts in her petition she prayed for such "further and equitable relief as to the court may seem just and proper under all the facts and circumstances of the case." (*Bonnewell v. Lowe,* 80 Kan. 769, 104 Pac. 853.)

Had the notice been given, or had the wife, waiving this matter, appeared and demanded damages, injunction would not lie. Doubtless in case of allowance to her of proper damages she would not desire further to obstruct the continued use of the road.

In view of the foregoing and of all the circumstances the order sustaining the demurrer is sustained as to the children, Hannah F. Brown and Lola F. Gregg, and reversed as to the wife, Clara A. Kasbeer, with directions to grant the injunction unless within sixty days from the filing of this opinion with the clerk of this court the plaintiff, Clara A. Kasbeer, shall signify to the court below her intention to proceed no further herein.