No. 26,848.

George T. Purcell et al., *Appellants*, v. Josie E. Baskett, Nettie A. Rice, Earl Kennett, a Minor, and D. P. Blood, Executor, etc., of Thomas R. Purcell, Deceased, et al., *Appellees*.

### SYLLABUS BY THE COURT.

Wills—*Instrument in Form of Deed—Statutory Requisites.* Where a written instrument in the form of a deed of conveyance expressly declares that such deed is to be null and void until the death of the grantor, and contains no other language creating an ambiguity on the subject, such instrument passes no present interest in the property, and such deed is invalid unless it is executed, acknowledged and witnessed as required by the statute governing testamentary instruments.

Appeal from Butler district court; George J. Benson, judge. Opinion filed October 9, 1926. Reversed.

*A. L. L. Hamilton, R. C. Woodward,* both of El Dorado, *Chester I. Long, J. D. Houston, A. M. Cowen* and *Claude I. Depew,* all of Wichita, for the appellants.

*H. W. Schumacher* and *J. B. McKay,* both of El Dorado, for the appellees.

The opinion of the court was delivered by

Dawson, J.: This action was begun by three brothers to recover certain interests in Butler county lands devised to them by their father, the late Thomas R. Purcell, who died on January 4, 1925.

Thomas had been married twice. By his first wife he had two daughters, the principal defendant, Josie E. Baskett, and her sister, Nettie A. Rice. By his second wife he had three sons, George T., Arthur H. and Bert A. Purcell, plaintiffs herein.

By a will dated April 26, 1920, Thomas devised all his real and personal property (except $1,000) as follows: An undivided one-fourth to Josie, one-fourth to Nettie, and one-sixth each to George, Arthur and Bert.

By another provision of the will one thousand dollars was bequeathed to Earl Kennett, and D. P. Blood, of Douglass, was named as executor.

On January 21, 1922, some twenty-one months after the execution of the will, Thomas executed and delivered to Josie two deeds, which together covered all his real estate and which purported to convey

Deeds, 18 C. J. pp. 257 n. 76, 312 n. 21. Wills, 40 Cyc. pp. 1085 n. 42, 1086 n. 47; 11 A. L. R. 23 et seq.; 28 R. C. L. 63.

the same to her. The deeds contained all the usual recitals of instruments of general warranty, but in addition thereto, in the body of each deed, immediately after the description of the property conveyed appeared the following in parentheses thus: "(This deed is null and void until the death of the grantor.)"

These deeds were recorded by Josie on November 22, 1923, some twenty-two months after their execution and delivery to her and some fourteen months prior to the death of Thomas.

After the execution of the deeds in 1922 the tax receipts for the years 1924 and 1925 (more probably 1923 and 1924) covering the land involved recited that payment was "received of T. R. Purcell."

The foregoing facts were developed in the pleadings and admissions of the parties and in plaintiffs' evidence. Other issues involved in the pleadings were not adjudicated below. The trial court sustained a demurrer to plaintiffs' evidence.

Plaintiffs appeal, and the sole question of present concern turns on the validity of the deeds of 1922 from Thomas to Josie. Plaintiffs insist on the literal significance attaching to the parenthetical clauses in these deeds which declared that they should be "null and void until the death of the grantor." They argue that being null and void until the death of the grantor, they were altogether ineffective to pass any interest to the grantee as of the time of their execution; they were ineffective during the grantor's life, and were manifestly so designed and limited by him; and consequently the instruments were testamentary in character and defective as such for want of testamentary witnesses.

That contention and consequence being rather obvious, we turn to appellees' brief to note what argument can be made to the contrary. They invoke the rule of construction that the grantor's intention shall be gathered from all parts of the instrument. The rule is quite sound and just, but it is only to be invoked when the recitals of the instrument are obscure, equivocal or uncertain. Here there is nothing doubtful, nothing uncertain, nothing to interpret. The deeds are to be null and void until the death of the grantor. The court would not be justified in saying the grantor did not quite mean what he said; that he did not exactly mean that the deeds would be null and void, but meant that while the deeds would convey nothing from him during his lifetime, they would confer upon the grantee a fee simple estate at his death. But that being the manifest significance of the instruments, providing as they did for the disposition

of the grantor's property at his death—null and void as they were intended and declared to be until that event should happen—the deeds were testamentary in character, and of course to be effective as such they would have to bear the *indicia* of such instruments as provided by statute. (R. S. 22-202; *Ammon v. Ammon,* 119 Kan. 164, 237 Pac. 926.)

Certain cases are cited by appellee where this court had to consider deeds which did not literally vest an estate until the death of the grantor but which by interpretation were held valid to convey to the grantee some sort of interest in the property effective during the lifetime of the grantor. (*Love v. Blauw,* 61 Kan. 496, 59 Pac. 1059; *Durand v. Higgins,* 67 Kan. 110, 72 Pac. 567; *Pentico v. Hays,* 75 Kan. 76, 88 Pac. 738; *Nolan v. Otney,* 75 Kan. 311, 89 Pac. 690; *Brady v. Fuller,* 78 Kan. 448, 96 Pac. 854; *Brown v. Anderson County,* 100 Kan. 319, 164 Pac. 288.) In none of these cases, however, was the court asked or required to set at naught the plain language of the instruments.

It is settled by statute and judicial precedent that a future interest in land may be created by deed (R. S. 67-205; *Miller v. Miller,* 91 Kan. 1, 136 Pac. 953; *Brown v. Anderson County,* 100 Kan. 319, 164 Pac. 288; *Smith v. McHenry,* 111 Kan. 666, 207 Pac. 1108), but when a future estate is thus created the grantee actually does acquire an interest *in præsenti* with mere postponement of possession or enjoyment. But it is not within the reasonable scope of judicial interpretation of the instruments under present scrutiny to hold that the grantor's declaration that the deeds were to be null and void until his death were not so completely null and void as to convey no present interest effective in the future, or a future interest presently effective. In 18 C. J. 257, it is said:

"If the expressed meaning [of a recital in a deed] is plain on the face of the instrument it will control, and this is true even though the words used frustrate the grant."

It seems imperative that the rule be applied in this case which governed *Reed, Ex'r, v. Hazelton,* 37 Kan. 321, 15 Pac. 177; *Hazelton v. Reed,* 46 Kan. 73, 26 Pac. 450; *Glover v. Fillmore,* 88 Kan. 545, 129 Pac. 144; *Chaplin v. Chaplin,* 105 Kan. 481, 184 Pac. 984; *Ammon v. Ammon,* 119 Kan. 164, 237 Pac. 926. See, also, *Shulsky v. Shulsky,* 98 Kan. 69, 157 Pac. 407; and annotation 11 A. L. R. 23-106.

The judgment is reversed.