No. 29,145.

LOVINA J. BURCH, *Appellee*, v. MABEL M. BURGET, *Appellant*.

(285 Pac. 574.)

Opinion filed
March 8, 1930.

*W. E. Holmes, D. W. Eaton* and *Mark H. Adams,* all of Wichita, for the appellant.

*Jesse D. Wall* and *Austin M. Cowan,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is one to set aside and cancel a deed signed by the plaintiff, to cancel and remove the deed from the records of the register of deeds of Reno county, and to quiet the plaintiff's title to the property described in the deed. Judgment was rendered in favor of the plaintiff, and the defendant appeals.

The plaintiff alleged that on January 15, 1914, she signed a warranty deed naming the defendant as grantee, but did not deliver the same to the defendant or anyone else; and that on the 6th day of February, 1914, the deed was placed of record in the office of the register of deeds of Reno county by Lorenzo Burch, husband of the plaintiff, without her knowledge or consent and against her wishes. The defendant answered, denying the allegations of the

petition and alleging that the deed had been duly executed and delivered to her and that it passed the title to her.

The court made findings of fact and conclusions of law as follows:

"1. For many years prior to 1914 and since the year 1876 the plaintiff, Lovina J. Burch, has been the owner of the following-described tract of real estate located in Reno county, Kansas:

"Lots 3 and 4 in section 2, township 26, south, range 5, west of the 6th P. M., and containing 157.17 acres, more or less, according to the United States survey thereof.

"2. Plaintiff was formerly the wife of Henry H. Palmer, Sr., deceased, and mother of Henry H. Palmer, Jr., who died intestate on or about September 25, 1876, leaving the plaintiff as his only heir. Henry H. Palmer, Jr., was the owner of the tract of land above described, and the plaintiff inherited the land from him.

"3. Subsequently to the death of Henry H. Palmer, Sr., the plaintiff married Lorenzo Burch, who is now the husband of said plaintiff. Plaintiff is more than 86 years of age and her husband, Lorenzo Burch, is of approximately the same age. Plaintiff and her husband are the parents of six children, Delbert Burch, Edward Burch, Ira Burch, Nellie Caldwell, Henrietta D. Cook, and the defendant, Mabel Burget, all of whom are or rather were living in January, 1914, and were adults and had been married.

"4. On January 15, 1914, the plaintiff and her husband, Lorenzo Burch, went from their home about fifteen miles from the city of Hutchinson, Kan., in an automobile driven by George Burget, husband of the defendant, Mabel Burget, to the city of Hutchinson, Kan., and in the office of J. A. Schardien, register of deeds of Reno county, Kansas, executed a warranty deed in which the defendant, Mabel Burget, was named as grantee, covering the land described in finding No. 1. The deed was acknowledged by Lovina J. Burch and her husband, Lorenzo Burch, in the office of the register of deeds, before J. A. Schardien, the then register of deeds of Reno county, at the time of its execution.

"5. After the execution and acknowledgment of the deed in question, the plaintiff and her husband retained the deed in their possession and took it away from the city of Hutchinson with them, and deposited the deed with the cashier of the Citizens State Bank of Cheney, Kan., for safe-keeping.

"6. The deed contained the usual recitations of a warranty deed with the following additional recital:

"'This conveyance is made subject to the following conditions: that said grantee cannot dispose of this land for a term of twenty days [years] from date hereof, and the said first parties to retain one-third of all rents, issues, and profits of said land during their natural life.'

"7. The real estate described in finding No. 1 was the sole property of and the only separate property which the plaintiff possessed at the time of the execution of the deed in question, all other real estate belonging to the Burches standing in the name of Lorenzo Burch.

"8. On February 5, 1914, Lorenzo Burch, husband of the plaintiff, was the owner of two other tracts of land, and on that date Lorenzo Burch and

plaintiff, as his wife, executed two separate deeds to these tracts conveying them to Henrietta D. Cook and Nellie G. Caldwell, respectively, two other daughters, and both of these deeds contained a recital like the one set forth in finding No. 6. Both deeds were left in the possession of the cashier of the Citizens State Bank of Cheney; Kan., for safe-keeping. Such deeds were recorded in the office of the register of deeds of Reno county, Kansas, February 6, 1914.

"9. On February 5, 1914, Lorenzo Burch, husband of the plaintiff, instructed the cashier of the Citizens State Bank of Cheney, Kan., to mail the Burget deed, the Caldwell deed and the Cook deed, to the register of deeds of Reno county, Kansas, for recording, and pursuant to such instructions the deeds were mailed to the register of deeds of Reno county, Kansas, and were recorded in the office of the register of deeds on February 6, 1914. The recording fees were paid by the Citizens State Bank of Cheney, Kan.

"10. At the time of the execution of the deed to Mabel M. Burget, it was the intention of the plaintiff, Lovina J. Burch, that the deed should not be recorded, and that it should not be delivered to the grantee, Mabel Burget, but that she should retain possession of the land during her lifetime, so that she could sell the land or trade it, or make any disposition she might see fit of the land, and this intention of the plaintiff was communicated to her husband, Lorenzo Burch, and was discussed between Lorenzo Burch and George Burget, the husband of Mabel Burget, the defendant herein. Plaintiff did not discover that the deed had been recorded until long afterwards, and upon being told by her husband that the deed had been recorded, she immediately objected to her husband to the deed being recorded.

"11. The deed in question covered lands upon which the defendant, Mabel Burget, and her husband, George Burget, were tenants at the time of the recording of the deed. About one year after such recording they moved off the land. Ever since they moved off the land, the farm, which is the subject of this controversy, has been rented by the plaintiff Lovina J. Burch, to other tenants and she has received the rents therefrom and the defendants have not received any rent from said land, excepting the two-thirds share they received as tenants while they were on the land prior to their removal.

"12. During the term of approximately thirteen years, prior to the filing of this action, Lovina J. Burch has rented, controlled, and operated said land as the owner thereof, without any supervision or suggestion from the defendant, Mabel Burget, or her husband, George M. Burget, and they have had nothing whatever to do with the renting of such land. No accounting for rents or profits upon said land was ever demanded or requested by either Mabel M. Burget or her husband, George Burget, prior to the institution of this action and the plaintiff exercised other acts of ownership by and with knowledge and consent of the defendant, Mabel M. Burget.

"13. The deed in question was never delivered to the defendant, Mabel M. Burget, nor to any other person as her agent, nor did she ever have it in her possession, nor did she ever see the deed prior to the time it was recorded. The deed was not deposited with the cashier of the Citizens State Bank of Cheney, Kan., for the use and benefit of Mabel M. Burget, nor was the bank or cashier thereof ever instructed by the plaintiff herein, Lovina J. Burch, to

deliver the deed to Mabel M. Burget, nor to anyone else. They were not even instructed to deliver the deed to the defendant after the death of the plaintiff.

"14. It was the intention of the plaintiff, in executing the deed in question, to make a testamentary devise of the land in question to the defendant, Mabel M. Burget, and she did not intend that such deed should take effect during her lifetime, but if she were still the owner of the land at the time of her death, it was her intention that it should be passed by this deed to her daughter, Mabel M. Burget.

"15. Sometime after the execution of the deeds to Mabel Burget, Nellie Caldwell and Henrietta D. Cook by Lovina J. Burch and Lorenzo Burch, her husband, Mr. and Mrs. Burch prepared a joint will, making provisions for the inheritance by their three sons of certain portions of their property, other than that mentioned in the deeds to the three daughters. This will was likewise deposited in the Citizens State Bank of Cheney, Kan., for safe-keeping. This will was still deposited with the bank for safe-keeping at the time of the trial of this action. At the time of the execution of the three deeds to the three daughters, and the will, it was the intention of the plaintiff, Lovina J. Burch, and her husband that they should retain possession, control, management of all their real estate, and the title thereto, including the land covered by the deed to Mabel M. Burget, until after the death of Mr. and Mrs. Burch, and it was the intention of the plaintiff and her husband to retain possession, control and title to the land covered by the deeds in the same manner and to the same extent as the land covered by the will, with the same power of revocation or change in the beneficiary or subject matter. Both the deeds and the will were made for the purpose of disposing of the various tracts of land after the death of Lovina J. Burch and her husband, Lorenzo Burch.

### "Conclusions of Law.

"1. The recording of the deed in question by the cashier of the Citizens State Bank of Cheney, Kan., was not a delivery thereof to the grantee therein, Mabel Burget.

"2. The deed not having been recorded with the consent of the plaintiff, there was no delivery of the deed to the defendant.

"3. The deed, never having been delivered, either actually or constructively, no title passed in the land covered thereby from plaintiff to defendant.

"4. The plaintiff intended the deed to take effect after her death, and having exercised her right of revocation prior to her death by filing this action, the defendant has no right, title or interest in or to said land.

"5. While the deed was intended to operate as a will, yet it was not executed as the statutes require a will to be executed and hence cannot be held to be a will, and if it were so held, the testatrix, if she could be held to be one, has changed her mind, revoked her will.

"6. Plaintiff is entitled to a decree setting aside and canceling the deed and removing the same from the records of the register of deeds of Reno county, Kansas, and forever barring the defendant from any right, title or interest in or to said property, and for a decree quieting title to the plaintiff in said property as against the defendant."

■ The first contention of the defendant is as follows:

"The deed in question from the plaintiff to the defendant was duly executed, acknowledged and delivered and vested in defendant a good title to the real property therein described as against the plaintiff."

Whether or not the deed was delivered was a question of fact to be determined by the court from the evidence. There was evidence from which the court might have concluded that the deed had been delivered, but there was evidence to show that the deed never had been delivered by the plaintiff and that it had been recorded without her consent. The abstract of the defendant shows the following testimony of the plaintiff:

"That Mr. Burch was present at the time of the execution of said deed. That the deed was thereafter taken by Mr. Burch, her husband, and put in a bank and thereafter recorded by the bank upon instructions of Mr. Burch.

"Q. You did not know about that, or did you? A. I didn't know until it was done. I objected to it.

"Q. Did you want Mr. Burch to have them recorded? A. No, sir, I didn't. I begged him not to.

"Q. Did you know he was going to record them? A. I didn't know. He spoke about it and I said, 'Don't do it. It might make trouble,' but he went ahead and recorded them anyway.

"Q. How long after that did he tell you they were recorded? A. I think it was—well, it was the next month after the deeds were made. I think it was—I think it was in February.

"I did not want to give Mabel Burget the deed because something might turn up and we would want to sell the land."

That was sufficient evidence to justify the court in finding that the deed had not been delivered and that it had been recorded without the plaintiff's consent.

■ Another contention of the defendant is that "assuming but not admitting that the deed in question was void for want of delivery, said deed was validated by the ratification of the grantor, plaintiff, by her subsequent words and acts." The defendant introduced evidence which tended to prove that after the deed had been recorded, plaintiff had stated that the land belonged to the defendant. The plaintiff, on cross-examination of her evidence in chief for herself, testified that she did not remember making such statements. The evidence was not sufficient to compel a finding of ratification.

■ The defendant, in her brief, says:

"That the deed in question to the defendant from the plaintiff is not in the nature of a testamentary devise and the trial court was in error in making its fourteenth finding of fact."

The court found that the deed executed by the plaintiff was intended as a testamentary devise of the land. It was not executed in conformity with the statute concerning wills, and could not take effect as a will. (*Purcell v. Baskett*, 121 Kan. 678, and cases there cited.) It is not necessary to discuss that finding further.

The judgment is affirmed.